William E. PAESCH, Sr., individually, to his own use and as surviving husband of Lillian M. Paesch, deceased, and as father and next friend of William E. Paesch, Jr., surviving minor child of Lillian N. Paesch, deceased, Plaintiffs,

v.

AMERICAN CYANAMID COMPANY, Defendant.

William E. PAESCH, Sr., Administrator of the Estate of Lillian M. Paesch, deceased, Plaintiff,

v.

AMERICAN CYANAMID COMPANY, Defendant.

Civ. A. No. 16300.

United States District Court
D. Maryland.

Feb. 24, 1966.

George W. White, Jr., Buckmaster, White, Mindel & Clarke, Leonard J. Harmatz, and David H. Cohen, Baltimore, Md., for plaintiffs.

M. King Hill, Jr., and Herbert F. Murray, Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

WINTER, District Judge.

Plaintiff sues for injuries to himself and, on behalf of himself and his infant son, for the wrongful death of his wife as a result of the explosion of a burning trailer stopped on Route 209 at or near Marshall's Creek, Pennsylvania, on June 26, 1964. Plaintiff also sues as administrator of his wife's estate to recover for her pain, suffering and medical expenses prior to death and for the expenses of her funeral. Plaintiff claims $75,000.00 for personal injuries to himself together with $500,000.00 punitive damages, $1,-000,000.00 damages for the wrongful death of his wife, and $100,000.00 compensatory damages for pain and suffering experienced by his wife, and punitive damages in the latter cause of action of $500,000.00.

Defendant moves to transfer the action to the United States District Court for the Middle District of Pennsylvania, pursuant to 28 U.S.C.A. § 1404(a). In support of its motion, defendant alleges that the case should be litigated in accordance with the law of the Common-

wealth of Pennsylvania, the situs of the alleged tort and injury, that defendant will contest liability, and that "several of approximately fourteen named witnesses whose probable testimony is described (ten apparently competent to testify on the issue of liability), all of whom are residents of Pennsylvania beyond the range of Maryland service of process, will be required to testify on the issue of liability, that there are other residents of Pennsylvania who can provide important testimony on the issue of damages, and that it is to the convenience of all of these witnesses to attend the trial in the United States District Court for the Middle District of Pennsylvania." Defendant points out that Harrisburg, Pennsylvania is an authorized place for holding court in the Middle District of Pennsylvania, that this place would be convenient to all parties and witnesses and indicates that it would consent to having the case tried there. Plaintiff claims that most of the medical witnesses to support his claim of injuries to himself are citizens of Maryland, residing in the Metropolitan Baltimore Area, that he contemplates calling additional witnesses living in that area to establish the value of the services of his deceased wife to himself and the deceased's infant son, and that plaintiff is entitled to a strong presumption favoring his choice of forum, particularly where it is in the district of his residence thus negating the possibility of forum shopping.

The factors to be considered in deciding a motion under 28 U.S.C.A. § 1404(a) are set forth in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). See also Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955). For the closest case in this Circuit on its facts to the one at bar, see Southern Railway Company v. Madden, 235 F.2d 198 (4 Cir. 1956). See also, Clayton v. Warlick, 232 F.2d 699 (4 Cir. 1956); Jiffy Lubricator Co. v. Stewart-Warner Corporation, 177 F.2d 360 (4 Cir. 1949).

■ Plaintiff seeks to escape the force of the factors indicating the propriety of a transfer by arguing that under Pennsylvania law defendant has no proper basis on which to contest liability and, hence, the convenience of plaintiff's medical witnesses as to his personal injuries and the convenience of the witnesses as to the value of his wife's services should be of prime consideration. To support this argument, plaintiff cites McSparran v. Hanigan, 225 F.Supp. 628 (E.D.Pa. 1963), and Restatement, Torts §§ 519–524 (1938). The Court does not decide whether liability can be contested under the Pennsylvania law. It is an answer, however, to plaintiff's contention that, even if defense of liability is foreclosed, plaintiff claims punitive damages in substantial amounts and to recover such damages proof of defendant's wanton, wilful or reckless conduct, in addition to proof of mere negligence, is required. Prosser, Torts § 33, at 150–152 (2d ed. 1955). The social policy involved, i. e., punishment as a deterrent to similar conduct, is also more properly a consideration for a court sitting in the jurisdiction whose substantive law is to be applied than this Court. Prosser, supra, § 2, at 9–12.

■ Plaintiff's contentions that he would be unduly inconvenienced and financially burdened by a transfer can be minimized by the imposition of reasonable conditions upon the transfer. Defendant will be required to indicate its willingness to stipulate the admissibility of the payroll records of William E. Paesch, Sr. and the deceased, without formal proof of authenticity, and defendant will be required to stipulate the admissibility of the reports of physicians and dentists in the Metropolitan Baltimore Area who treated William E. Paesch, Sr., without formal proof of authenticity, unless plaintiffs or defendant elects to depose the employers, or their representative, or any medical witness and to present such testimony by deposition. Subject to these conditions, the Court is persuaded that the motion should be granted.

It is, therefore, this twenty-fourth day of February, 1966, by the United States

District Court for the District of Maryland,

Ordered, that upon the filing of a statement in this Court by defendant that, upon request of plaintiffs, it will stipulate the admissibility of the payroll records of William E. Paesch, Sr. and the deceased, without formal proof of authenticity, and the admissibility of reports of physicians and dentists in the Metropolitan Baltimore Area who treated William E. Paesch, Sr., without formal proof of authenticity (unless such employers, physicians and dentists be deposed by plaintiffs or defendant), the above entitled case be, and it is hereby, transferred to the United States District Court for the Middle District of Pennsylvania.