366 F.2d 756
 William B. PAESCH, Sr., individually to his own use and as surviving husband of Lillian M. Paesch, deceased, and as father and next friend of William E. Paesch, Jr., surviving minor child of Lillian M. Paesch, deceased, and William E. Paesch, Sr., Administrator of the Estate of Lillian M. Paesch, deceased, Petitioners,
v.
The Honorable Harrison L. WINTER, U. S. District Judge for the District of Maryland, Respondent.
American Cyanamid Company, Intervenor.
 No. 10571.
 United States Court of Appeals Fourth Circuit.
 Argued June 3, 1966.
 Decided September 14, 1966.
 
 Everett L. Buckmaster, Baltimore, Md. (George W. White, Jr., George L. Clarke, Leonard J. Harmatz and David H. Cohen, and Buckmaster, White, Mindel & Clarke, Baltimore, Md., on petition), for petitioners.
 Herbert F. Murray, Baltimore, Md. (M. King Hill, Jr., Baltimore, Md., on response), for intervenor.
 Before HAYNSWORTH, Chief Judge, and BRYAN and BELL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Mandamus is sought by the petitioner to compel the Federal District Judge for the District of Maryland to rescind his order transferring to the Middle District of Pennsylvania for trial the civil action, No. 16,300, filed in the former court by the petitioner as plaintiff against American Cyanamid Company. The purpose of the suit is to recover damages for the death of his wife in the explosion on June 26, 1964 of the defendant's truck on a Pennsylvania highway. The transfer was granted on motion of the defendant.
 
 
 2
 Whether or not we have the power to issue the writ in the circumstances, we need not decide, cf. Clayton v. Warlick, 232 F.2d 699 (4 Cir. 1956), because "in balancing conveniences in the case * * there was no abuse of discretion by the District Judge". Morehead v. Barksdale, 263 F.2d 117 (4 Cir. 1959). The facts of the case and the grounds of the judge's decision are contained in his "Memorandum and Order" of February 24, 1966. 257 F.Supp. 116. For the reasons he there gives, we will disallow the writ.
 
 
 3
 In addition to the fulfillment of the conditions demanded by the District Court from the defendant to avoid prejudice to the plaintiff, we suggest, without assuming the power to award mandamus, that the defendant should also be required to pay the subsistence and travel expenses of the medical witnesses whom the plaintiff calls from Maryland, plus so much of their fees as is based upon the additional time required of them in going to and from, and attending court at, the place of trial.
 
 
 4
 Mandamus denied.