Norma R. MORGANSTERN and Harold Morganstern, Her Husband,

v.

MARRIOTT–HOT SHOPPES, INC., a body corporate.

Civ. No. 17812.

United States District Court
D. Maryland.

June 29, 1967.

Amos I. Meyers, Baltimore, Md., for plaintiffs.

George L. Huber, Jr., Eugene A. Edgett, Jr., Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

FRANK A. KAUFMAN, District Judge.

Plaintiffs, residents of Fredericksburg, Virginia, instituted this proceeding against defendant, a Delaware corporation, with its principal office in the District of Columbia. Defendant is qualified to do business and is subject to service of process in both Maryland and Virginia. Plaintiffs assert diversity of citizenship jurisdiction. Mrs. Morganstern, one of the two plaintiffs, alleges that, as a business invitee, she was injured by a fall caused by the negligence of defendant in permitting an accumulation of ice and snow on a parking lot operated by defendant in Arlington, Virginia, in connection with one of its restaurants. The other plaintiff, Mr. Morganstern, claims damages for loss of services and consortium of his wife and for his medical expenditures on behalf of his wife.

Defendant has filed a motion requesting a change of venue under 28 U.S.C. § 1404(a) and a transfer of this action to the United States District Court for the Eastern District of Virginia. Defendant has denied liability and supports its motion by pointing out that its alleged negligence and the alleged injuries occurred in Virginia; that the case is governed by the substantive law of Virginia; that the plaintiffs reside in Fredericksburg, Virginia; that defendant is amenable to process in the Eastern District of Virginia; that the United States District Court for that District has jurisdiction and venue over this cause of action; that four persons who are said to have knowledge of the accident or injuries, in addition to medical witnesses, reside in Fredericksburg, Fairfax or Alexandria, Virginia; that the plaintiff, Mrs. Morganstern, was treated at two orthopedic clinics in Arlington, Virginia; that by agreement with plaintiffs' counsel, Mrs. Morganstern was examined on behalf of defendant by an orthopedist whose office is in Washington, D. C.; and that before this suit was instituted, Virginia attorneys with offices located in Alexandria and Fredericksburg, corresponded on behalf of plaintiffs with defendant.

Plaintiffs, opposing defendant's motion to transfer, state that since her treatment and examination by Virginia doctors, Mrs. Morganstern has been examined, and will be examined again, by two Baltimore physicians; that the Virginia medical experts could be deposed; that all other Virginia witnesses could be available for trial in this Court; and that plaintiffs' choice of forum should not be disturbed.

The standards to be considered with regard to this motion are discussed in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). Other authorities are cited in Paesch v. American Cyanamid Co., 257 F.Supp. 116, 117 (D.Md.1966). Judge Winter's order of transfer in that case was affirmed in Paesch v. Winter, 366 F.2d 756 (4th Cir. 1966). See also, 1 J. Moore, Federal Practice ¶ 0.145 [5], at 1780–1783 (2d ed. 1964).

Jurisdiction over this case exists under 28 U.S.C. § 1332(a) (1) and (c)

and venue exists under 28 U.S.C. § 1391(a) and (c), in the United States District Court for the Eastern District of Virginia. This proceeding was instituted in this Court on November 15, 1966, more than two years and ten months after the alleged accident occurred. The limitations period under the applicable Virginia statutory provision is two years. 2 Va.Code Ann. § 8–24 (1957 Replacement Vol.). By contrast, the Maryland statutory period is three years. 5 Md.Ann.Code art. 57, § 1 (1964 Replacement Vol.). The Maryland statutory limitations period is applicable herein since this case was instituted in the District of Maryland. See Daugherty v. Prettyman, 219 Md. 83, 148 A.2d 438 (1959). The Maryland statute of limitations, rather than its Virginia counterpart, will also govern in the United States District Court for the Eastern District of Virginia, if this case is transferred to that Court as defendant requests. Van Dusen v. Barrack, 376 U.S. 612, 629–633, 639, 84 S.Ct. 805, 11 L.Ed. 2d 945 (1964). See 1 J. Moore, Federal Practice ¶ 0.145 [4.–5], at 48–49 (1966 Cum.Supp.).

There is every reason in favor of, and little or no reason against, transferring this case, despite the "primary right of the plaintiff to choose his forum, a selection not easily to be overthrown." Akers v. Norfolk and Western Ry. Co., 378 F.2d 78 (4th Cir. May 5, 1967), in which the Court held a refusal of the District Court to be an abuse of discretion and advised that Court to effect the requested transfer. A comparison of the court dockets of the United States District Court for the Eastern District of Virginia and of this Court reveals that there is no reason to believe this case will take longer, if as long, to come to trial in that Court than in this Court. Plaintiffs' contention that two Baltimore physicians will be inconvenienced by the transfer sought by defendant can be minimized by requiring defendant to agree to pay the reasonable costs of travel between Baltimore and Alexandria of either or both of such physicians who testify, together with so much of the fees of such physician or physicians as is related to and based upon the additional time reasonably consumed by one or both of them in such travel in connection with the trial of this case. See Paesch v. Winter, supra, 366 F.2d at 757.

It is, therefore, this 23rd day of June, 1967, by the United States District Court for the District of Maryland, ordered, that upon the filing by defendant in this Court of a statement that defendant upon plaintiffs' request will pay the reasonable costs of travel between Baltimore and Alexandria of either or both of the two Baltimore physicians who testify, together with so much of the fees of such physician or physicians as is related to and based upon the additional time reasonably consumed by one or both of them in such travel in connection with the trial of this case, this case shall forthwith be transferred to the United States District Court for the Eastern District of Virginia without further Order of this Court. Defendant shall pay the costs of this proceeding to date.