Alice BACON

v.

JOHN HANCOCK MUTUAL LIFE INSURANCE CO., a body corporate of the State of Mass.

Civ. No. 70–284–K.

United States District Court,
D. Maryland.

Sept. 1, 1970.

Bertram M. Goldstein, Baltimore, Md., for plaintiff.

Biscoe L. Gray, Baltimore, Md., for defendant.

FRANK A. KAUFMAN, District Judge.

John Hancock Mutual Life Insurance Company (Hancock), a Massachusetts corporation with its principal place of business in Boston, Massachusetts, issued a policy of insurance on the life of plaintiff's son in the face amount of $5000 plus accidental death benefits in a total amount of not less than $10,000. Plaintiff's son was killed in an automobile accident. Thereafter, plaintiff, as the named beneficiary under the policy, sought payment of the policy's benefits. Hancock refused to make payment and admits liability only for the return of premiums paid in the amount of $89.10, alleging that plaintiff's son gave "false, untrue and misleading answers with respect to material matters affecting his health," including, *inter alia*, with respect to the existence of pulmonary tuberculosis.

Plaintiff is a citizen of Maryland. Her deceased son was a resident of New York at the time he applied for the policy; the policy contract was executed in that State; and the policy premiums were paid in that State. The substantive law of New York therefore controls. Defendant does business in most of the States of the Union, including New York and Maryland. Jurisdiction and venue are therefore present in both of said States under 28 U.S.C. §§ 1332(a) and (c) and 1391(a) and (c).

Most of those persons reasonably expected to be medical and other witnesses live, and most of the medical records of hospitals or clinics where plaintiff's son is alleged by defendant to have been treated prior to the application for and issuance of the policy are kept, in the Eastern District of New York.

Defendant has filed a motion to transfer this case to the United States District Court for the Eastern District of New York. Plaintiff opposes that motion.

While this Court recognizes the "primary right of the plaintiff to choose his forum" and that plaintiff's "selection" of the forum should "not easily be overthrown", Akers v. Norfolk and Western Ry., 378 F.2d 78, 80 (4th Cir.1967), the factors present in this

case require transfer. Paesch v. Winter, 366 F.2d 756 (4th Cir.1966). This Court is informed that it can reasonably be contemplated that if this case is transferred it can be reached for trial in the Eastern District of New York within twelve to eighteen months. Although the testimony of the New York witnesses could be taken and presented by way of deposition in a trial in this Court, such a mode of proof is "universally acknowledged to be inferior to the personal appearance of witnesses in court." Akers v. Norfolk and Western Ry., supra, 378 F.2d at 79.

█ The proposed transfer would seem clearly, on balance, for the convenience of parties and witnesses.[1] It will, however, impose on plaintiff travel and lodging costs to which plaintiff would not be subjected if this case were tried in this Court. Therefore, defendant, in fairness, must, if it desires this case to be transferred, agree to reimburse plaintiff for those additional expenses, regardless of the outcome of this suit. Paesch v. Winter, *supra*; Morganstern v. Marriott-Hot Shoppes, Inc., 270 F. Supp. 75 (D.Md.1967).

Accordingly, it is, this 1st day of September, 1970, ordered that if Hancock shall file in this Court on or before September 15th, 1970, an undertaking that it will pay the reasonable costs of travel between Baltimore and Brooklyn, New York, and of lodging in Brooklyn, New York or New York, New York, of plaintiff, of plaintiff's Maryland counsel, and of any witnesses who are residents of Maryland and whose attendance plaintiff reasonably requires at trial; and, further, if on or before September 15th, 1970, defendant shall pay the costs of this proceeding to that date, this proceeding shall forthwith be transferred to the United States District Court for the Eastern District of New York without further Order of this Court.

[1]. In reaching its conclusion herein, this Court does not reach either the factual allegation, or the legal contention, of Hancock that a funeral director residing in the Eastern District of New York, who is

alleged to be an assignee to the extent of $1180 of the proceeds of the policy involved herein, is a necessary party to this action.