**Beverly Ann WORTHLEY, Individually and as Administratrix of the Estate of Manning Worthley, Jr., deceased, for her own use and for the use and benefit of the two minor chlidren of Manning Worthley, Jr., deceased,**

v.

**ROCKVILLE LEASECAR, INC., et al.**

**Civ. No. 21371.**

United States District Court,
D. Maryland.

March 31, 1971.

Order April 26, 1971.

Paul R. Connolly and David N. Webster and Williams & Connolly, Washington, D. C., Louis Nordlinger, Boston, Mass., and C. Edward Jones and Arnold Fleischmann, Baltimore, Md., for plaintiffs.

John H. Mudd, Charles E. Iliff, Jr. and Semmes, Bowen & Semmes, Baltimore, Md., for defendant Rockville Leasecar, Inc.

Wilbur D. Preston, Jr., Baltimore, Md., Richard C. Shadyac, Arlington, Va., and Marvin E. Perlis, Silver Spring, Md., for defendants Joan Bortnick and Ronald Bortnick.

Frederick J. Green, Jr., Baltimore, Md., and J. Willard Nalls, Jr., Bethesda, Md., for defendant Patricia H. Nichols.

FRANK A. KAUFMAN, District Judge.

On April 23, 1969, two small aircraft collided over Middletown, Rhode Island resulting in the death of five men. Plaintiff alleges that one of the planes, a Cessna, was engaged in a maneuver involving take-offs and landings at Newport State Airport in Middletown, Rhode Island, and that, at the time of the crash, the other plane, a Beechcraft, was approaching that same airport, preparatory to landing. It appears that the Beechcraft had taken off from a Maryland airport near Washington, D. C. In the Cessna were Manning Worthley, a citizen of Rhode Island, a student pilot, and Peter Kovacs, a pilot instructor, a citizen of the District of Columbia. The Beechcraft was owned by Rockville Leasecar, Inc., a Maryland corporation (Rockville), with its principal place of business in Maryland. The occupants of the Beechcraft were Leon Bortnick, a citizen of Virginia, and Frank Nichols, a citizen of Maryland, who are alleged by plaintiff herein to have been in joint control of the Beechcraft and to have been engaged in a joint enterprise. Plaintiff apparently also contends that the plane was being operated on the business of Rockville. There seems to have been one passenger in the Beechcraft, Hans Froehlicher, a citizen of Maryland. The five men, Worthley, Kovacs, Bortnick, Nichols and Froehlicher, died in the crash.

The within action was instituted in this Court by the widow of Manning Worthley, Beverly Ann Worthley, a citizen of Rhode Island, individually and as Administratrix of her husband's estate, for her own use and for the use and benefit of her two minor children, pursuant to Rhode Island General Laws, § 10-7-1 et seq., and Rule 17(b) of the Federal Rules of Civil Procedure. Defendants herein are Rockville; the two co-executors of the Estate of Leon Bortnick, respectively themselves citizens of Virginia and Maryland, appointed to act as executors by a Virginia court; and the Administratrix of the Estate of Frank Nichols, herself a citizen of Maryland, having been so appointed by a Maryland court. Diversity jurisdiction and the required $10,000 jurisdictional amount are claimed and would appear present under 28 U.S.C. § 1332.

Six separate cases, growing out of the April 23, 1969 accident, have been instituted in three different courts. This is the only action commenced in this Court. Two cases (Civil Nos. 4191 and 4212) are pending in the United States

District Court for the District of Rhode Island. They are instituted, respectively, by the representatives of the deceased Kovacs and Bortnick. In the Kovacs suit, Rockville and the Estates of Nichols and Bortnick are named as defendants. In the Bortnick suit, Rockville and Newport Air Port, Inc., a Rhode Island corporation (Newport), the owner of the Cessna, are named as defendants. In both suits, counterclaims or cross-claims have been filed. Also in the Bortnick suit, Newport has filed a third party suit against Rockville and the Nichols interests.

Three cases, Nos. 28470, 28488 and 28574, have been brought in the Circuit Court for Montgomery County, Maryland, respectively, by representatives of the three occupants of the Beechcraft, Bortnick, Nichols and Froehlicher. In the Froehlicher case, Rockville and both the Bortnick and Nichols estates are the defendants. In the Bortnick case, Rockville and the Nichols estate are defendants. In the Nichols case, Rockville and the Bortnick estate are defendants. It would appear that all of the claims for relief in the three Montgomery County suits, other than those stated in the Froehlicher case, could also be advanced in one or more of the three pending federal cases.

Defendant Rockville has filed a motion to transfer the within case to the United States District Court for the District of Rhode Island under 28 U.S.C. § 1404(a). Plaintiff Worthley strenuously opposes that motion. Defendants Bortnicks have stated no opposition to the motion. Counsel in this case for Defendant Nichols has stated:

> * * * I feel, on balance, that I cannot oppose transfer of the case to the District of Rhode Island. It seems to me that practical considerations favor the transfer and that Mrs. Nichols and all other parties, irrespective of their particular capacities, will receive the same degree of fairness and jus-

tice in that District as in this District.[1]

On the other hand, counsel for the Nichols interests in their suit filed in the Circuit Court for Montgomery County of the State of Maryland have stated that they as counsel and their client, Mrs. Nichols, the widow of the decedent, oppose the transfer and join the plaintiff Worthley in contending that (1) this Court lacks power to grant Rockville's section 1404(a) motion, and that (2) this Court should not exercise that power even if that power exists.

28 U.S.C. § 1404(a) provides:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The Supreme Court has held in Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960), that the statutory words, "might have been brought," "permit," as Professor Wright has written, "transfer only to a district where plaintiff would have had the right, independent of the wishes of the defendant, to bring this action." C. Wright, Law of Federal Courts § 44, p. 167 (1970 Ed.).

Plaintiff herein asserts that defendant Rockville has reserved to itself the right to contest at trial the issue of whether the Beechcraft was being used on Rockville's business at the time of the air crash and that therefore transfer to Rhode Island is not possible in this case because Rockville, if the Beechcraft was not being used on corporate business, would not be subject to jurisdiction in Rhode Island.

Rhode Island's Long Arm Statute (R.I. Gen.Laws, § 9–5–33) provides that every nonresident individual and every nonresident corporation

> * * * that shall have the necessary minimum contacts with the state of Rhode Island, shall be subject to the jurisdiction of the state of Rhode Is-

1. Letter, dated January 5, 1971, addressed to this Court from counsel for Nichols in this proeling.

land, and the courts of this state shall hold such foreign corporations and such non-resident individuals, or their executors or administrators, * * * *amenable to suit in Rhode Island in every case not contrary to the provisions of the constitution or laws of the United States.* [Emphasis supplied.]

Rockville's counsel, in a memorandum filed on December 15, 1970 in support of Rockville's motion to transfer, has stated:

> * * * [I]t is the position of Rockville Leasecar, Inc. that Frank Nichols and Leon Bortnick, two of the occupants of the aircraft, had the unrestricted permission of Rockville Leasecar, Inc. to use the aircraft for whatever purposes they wished. Their use was unrestricted both as to purpose and as to territory. Rockville Leasecar does not concede, however, that at the time of the accident these two men were on company business, or were agents or servants of the corporation.

The authorization of Rockville to Nichols and to Bortnick to fly the aircraft where they chose and thus to a state such as Rhode Island, not far distant in terms of modern flight time from the Washington, D. C. area, provides a constitutionally permissible basis for Rhode Island's exercise of long arm jurisdiction. In Davis v. St. Paul-Mercury Indemnity Company, 294 F.2d 641 (4th Cir. 1961), Judge Sobeloff held (at 648) that a "state may * * * assert the jurisdiction of its courts over the owner who placed the vehicle in the driver's hands to take it onto the state's highways" and stressed "the consequences foreseeable from his [the owner's] authorizing the use of his automobile there." The same reasoning applies to Rockville's action in permitting Bortnick and Nichols to fly the Beechcraft to Rhode Island. *Cf.* Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632,

71 L.Ed. 1091 (1927); Elkhart Engineering Corporation v. Dornier Werke, 343 F.2d 861 (5th Cir. 1965). Thus, even if the Beechcraft was not being flown on Rockville's business at the time of the tragedy, Rockville was subject to this suit in Rhode Island.

Additionally, however, plaintiff may not, insofar as this motion to transfer is concerned, controvert the very underpinnings of her own suit, namely, the necessarily implied contention, if plaintiff's suit against Rockville is not to be dismissed on the merits, that the Beechcraft was being operated on behalf of or sufficiently with the permission or non-disapproval of Rockville to render Rockville liable for the alleged negligence of one or both of Bortnick and Nichols. Rockville is entitled to have its within motion to transfer considered on the basis of the truth of plaintiff's allegations. General Electric Co. v. Central Transit Warehouse Co., 127 F.Supp. 817 (W.D.Mo.1955).[2] In that case, Judge (later Mr. Justice) Whittaker wrote (at 827):

> * * * [Plaintiff's] averments present justiciable issues to be litigated in the case, and upon resolution of which the liability of Terminal [the defendant seeking the transfer under section 1404(a)], in part at least, depends, and those issues ought not to be summarily determined, collaterally, upon this motion to transfer. If, upon a trial, plaintiff prevails upon those issues of agency, which it has tendered, it will follow that Terminal is doing business in the * * [proposed transferee] District * * *, and subject to statutory venue and amenable to process there, * * *

It has been suggested that only one of the deceased Nichols or the deceased Bortnick could have been flying the aircraft at the moment of the collision, that plaintiff has not alleged

---

2. *Cf.* Federal Civil Rule 12(b) and its provision: "No defense or objection is waived by being joined with one or more

other defenses or objections in a responsive pleading or motion."

which of those two men was piloting the Beechcraft at that time, and that therefore neither of them is subject to the jurisdiction of Rhode Island. But Judge Sobeloff's holding in Davis v. St. Paul-Mercury Indemnity Company, *supra*, leads to the conclusion that, even if Nichols (or Bortnick) was not the pilot at the time of the crash, if he had the right to participate in the determination of the flight pattern and use of the Beechcraft, Rhode Island may still constitutionally exercise its long-arm jurisdiction over his estate. Additionally, Judge Whittaker's holding in *General Electric* would in any event permit this transfer insofar as the defendant estates of those two deceased men are concerned, since plaintiff has alleged that Nichols and Bortnick were engaged in a joint enterprise and had joint control over the plane.

■ In sum, this Court concludes that it has power to transfer under 28 U.S.C. § 1404(a). However, the question remains, as it does in connection with every transfer motion under that section, as to whether this Court should exercise its power to transfer. In the total context of this case, the standards for transfer, discussed and set forth in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); Paesch v. American Cyanamid Co., 257 F.Supp. 116 (D.Md.1966), aff'd sub nom. Paesch v. Winter, 366 F.2d 756 (4th Cir. 1966); 1 J. Moore, Federal Practice ¶ 0.-145[5] at 1780–83; C. Wright, Federal Courts, § 44, pp. 162 et seq. (1970 Ed.), would seem to be met. While only six cases (as opposed to a large number, such as over 100 in Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed. 2d 945 (1964)), and only three federal court suits, have grown out of the April 23, 1969 crash, there is little reason to hold more than one federal trial (in each

of which a jury has been demanded) and to chance the considerable possibility of either (a) factually unreconcilable verdicts, or (b) difficult questions of res judicata or collateral estoppel, or (c) both (a) and (b). The same state law will be applicable whether this case is tried in this Court or in the District Court in Rhode Island. Van Dusen v. Barrack, *supra*. That state law—in this instance—is the law of Rhode Island. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); Debbis v. Hertz Corp., 269 F.Supp. 671 (D.Md.1967). The witnesses and evidence are at least as available for trial in Rhode Island as in Maryland. The cases in Rhode Island have been assigned to Federal District Judge Raymond J. Pettine, who has calendared them for trial no later than September, 1971. Judge Pettine has also stated to this Court that he is prepared to consolidate the within case with the two cases now pending in his Court, if this case is transferred to Rhode Island.[3] Under those circumstances, this Court hereby grants Rockville's section 1404(a) motion. Because, however, it is possible that the within transfer may cause the imposition of additional travel, hotel and perhaps other expenses upon plaintiff and the Nichols and Bortnick estates (though this Court notes that all of the parties in this case are parties in one or both of the Rhode Island cases), counsel for the parties herein are hereby requested to present to this Court, as promptly as possible, a proposed transfer order under 28 U.S.C. § 1404(a) in which, following the standards established by the Fourth Circuit in Paesch v. Winter, *supra*, and followed by this Court in John W. Johnson, Inc. v. Atlantic States Construction Co., 276 F. Supp. 379, 383 (D.Md.1967), defendant Rockville will be required to enter into

3. Discovery in the three federal cases and also in the three pending state cases has been coordinated for many months by the joint supervision of Judge John P. Moore of the Circuit Court for Montgomery County, Maryland, Judge Pettine and this Court, and by the cooperation and participation of counsel in all six of these cases.

an undertaking to bear the burden of such additional expenses, before this Court files an order in this case transferring this case to the United States District Court for the District of Rhode Island.

## ORDER

This cause came before the Court on the application of the defendant, Rockville Leasecar, Inc., for an Order transferring the matter to the United States District Court for the District of Rhode Island, pursuant to 28 U.S.C. § 1404(a), and the opposition of the plaintiff to that motion, and the Court having considered the matter and having determined that the action sought by Rockville Leasecar, Inc. may result in an increased cost to the plaintiff in prosecution of her claim in terms of travel, hotel, and other expenses, it is by the Court this 26th day of April, 1971.

Ordered, that the motion be and the same is hereby granted, and the case is hereby transferred to the United States District for the District of Rhode Island, and the Clerk is hereby directed to forward all original papers and a copy of the docket entries to the Clerk, United States District Court for the District of Rhode Island, on the condition that Rockville Leasecar undertakes to reimburse the plaintiff for reasonable expenses occasioned by the transfer, upon presentation by the plaintiff of statements therefor, in an amount not to exceed $1500, provided, however, that the amount due to the plaintiff shall be reduced in the amount of any such expense which would have been incurred but for the transfer, but which is not incurred.

In the event that counsel cannot agree, the determination of the amount of such expenses, if any, which Rockville Leasecar, Inc. will be required to pay to plaintiff will be made by the United States District Court for the District of Rhode Island.

By subscription hereto, counsel for Rockville Leasecar, Inc. has agreed to the above condition, prior to the execution of this order.