CRONOS CONTAINERS, LTD. Plaintiff

v.

AMAZON LINES, LTD. Defendant

and

Barthco International, Inc., et al. Garnishees

No. CIV. H–99–3699.

United States District Court, D. Maryland.

March 22, 2000.

J. Stephen Simms, Greber & Simms, Baltimore, MD, W. Charles Bailey, Jr., Greber & Simms, Baltimore, MD, for Cronos Containers, Ltd.

Marland Hamilton Whitman, Jr., Ober, Kaler, Grimes & Shriver, Baltimore, MD, Barry L. Gogel, AXEL J., LP, Baltimore,

MD, for Amazon Line, Ltd., Norton Lilly Intern., Inc.

Charles H. Carpenter, Pepper Hamilton, LLP, Washington, DC, for BDP International, Inc.

Todd C. Fineberg, Washington, DC, for Schenker International, Inc.

## MEMORANDUM OPINION

ALEXANDER HARVEY, II, Senior District Judge.

This is an action in admiralty brought by the lessor of certain ocean shipping containers used to transport cargo between the United States and Brazil. Suit has been brought pursuant to 28 U.S.C. § 1333, Supplemental Rule B for Certain Admiralty and Maritime claims and Rule 9(h), F.R.Civ.P.

Plaintiff Cronos Containers, Ltd. ("Cronos") and defendant Amazon Lines, Ltd. ("Amazon") entered into various written leases whereby Cronos as the lessor leased to Amazon numerous ocean shipping containers. In its complaint, Cronos has alleged that defendant Amazon defaulted in the obligations it assumed under these leases, and in Count I plaintiff Cronos seeks substantial damages and other relief from defendant Amazon. Count II seeks a recovery by way of garnishment from certain named freight forwarders. Suit has been brought against Amazon *in personam* and against nine separate entities as garnishees pursuant to Supplemental Rule B.

An answer to the complaint has been filed by defendant Amazon. Only three of the garnishees have responded, namely Norton Lilly International, Inc., BDP International, Inc., and Schenker International, Inc.[1]

Presently pending in the case are plaintiff's motion for summary judgment and defendant's motion to transfer venue or in the alternative to stay proceedings. Memoranda and exhibits have been filed by the parties in support of and in opposition to these pending motions. Following its review of the pleadings, memoranda and exhibits, this Court has concluded that no hearing is necessary for a decision on the pending motions. *See* Local Rule 105.6. For the reasons stated herein, plaintiff's motion for summary judgment will be denied, and the motion of defendant Amazon to transfer this action to the United States District Court for the Southern District of Florida will be granted.

## I

### Background Facts

Cronos is an English corporation which is in the business of leasing ocean containers to transporters of ocean cargo. Amazon is a Bahamian corporation which operates an ocean cargo service. Prior to March of 1999, a large number of ocean containers were leased by Amazon from Cronos.

On July 13, 1999, Amazon entered into a new and separate master lease agreement (the "Master Lease") with Cronos for the leasing of one-hundred and seventeen containers. This lease had an effective date of March 1, 1999 and was scheduled to run through February 29, 2000. Paragraph 19 of the Master Lease stated as follows:

19. Default: An act of default consists of failing to observe any conditions of this Agreement ... Should [Amazon] commit an act of default and, after notice from [Cronos], fail to correct such default within 15 days, [Cronos] may, without releasing [Amazon] of its obligations under this Agreement, terminate the lease, declare due and payable all amounts owing under this Agreement, including reasonable attorney's fees, and take possession of Equipment free of any claims of [Amazon]. Should [Cro-

---

1. The record does not indicate that service of process has been effected on any of the other six garnishees.

nos] fail to take possession of Equipment within 30 days of the notice of default, [Amazon] will then owe [Cronos] an amount equal to the REPLACEMENT VALUE as stipulated ..., for all Equipment which has not been received.

On October 4, 1999, Cronos provided Amazon with written notice of default pursuant to the Master Lease. Amazon took no action to correct the alleged default pursuant to Paragraph 19 of the Master Lease, and Cronos accordingly took steps to terminate the Master Lease. On December 3, 1999, Cronos notified Amazon in writing of its decision to terminate the Master Lease.

Amazon contends that from the Spring of 1999 through October 4, 1999, Cronos sent it billing statements under the Master Lease which incorrectly included charges for containers covered by earlier leases. Amazon further claims that Cronos billed it two to three times the amount which Amazon actually owed for the containers leased. Amazon asserts that when it brought these discrepancies in billing to the attention of Cronos, officials at Cronos informed Amazon that it should not concern itself with these discrepancies and that the proper amounts actually owed would be adjusted at some later date. Amazon contends that it was current on all its payments due under the Master Lease up until the date when Cronos terminated that Lease.

On December 3, 1999, Cronos and another British entity filed suit against Amazon in the United States District Court for the Southern District of Florida in Miami. In that action, Cronos alleged that Amazon had defaulted on its leases, and Cronos sought writs of maritime garnishment against three garnishees under Supplemental Rule B. *See Cronos Containers, Ltd. et al. v. Amazon Line, Ltd. et al.,* No. 99–3272 (S.D.Fla. filed Dec. 3, 1999). On December 10, 1999, Cronos filed a nearly identical action in the United States District Court for the Eastern District of North Carolina. On December 13, 1999, filed this suit in this Court. On December 23, 1999, Cronos filed suit against Amazon in the United States District Court for the Middle District of Florida, alleging *in personam* causes of action against Amazon for breach of maritime contracts, seeking *in rem* jurisdiction over an Amazon vessel and other Amazon property, and also seeking Supplemental Rule B garnishments.

## II

### *Plaintiff's Motion for Summary Judgment*

The principles to be applied by this Court in considering a motion for summary judgment under Rule 56, F.R.Civ.P., are well established. A party moving for summary judgment bears the burden of showing the absence of any genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Barwick v. Celotex Corp.,* 736 F.2d 946, 958 (4th Cir.1984). Where, as here, the nonmoving party will bear the ultimate burden of persuasion at trial, "the burden on the moving party [at the summary judgment stage] may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In *Phoenix Sav. & Loan, Inc. v. Aetna Cas. Co.,* 381 F.2d 245, 249 (4th Cir.1967), the Fourth Circuit Court of Appeals summarized the principles applicable under Rule 56 as follows: "It is well settled that summary judgment should not be granted unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under any circumstances." *Id.* Hence, the party opposing a motion for summary judgment is entitled to all favorable inferences which can be drawn from the evidence. *See, e.g., Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct.

1598, 26 L.Ed.2d 142 (1970); *Cram v. Sun Ins. Office, Ltd.,* 375 F.2d 670, 674 (4th Cir.1967).

The party moving for summary judgment has the burden of establishing that there is no genuine issue of material fact. *Barwick,* 736 F.2d at 958. This burden is met by consideration of affidavits exhibits, depositions and other discovery materials. *Id.* Nevertheless, "[t]he facts, and the inferences to be drawn from the facts, must be viewed in the light most favorable to the party opposing the motion." *Ballinger v. North Carolina Agric. Extension Serv.,* 815 F.2d 1001, 1004–05 (4th Cir.1987), *cert. denied,* 484 U.S. 897, 108 S.Ct. 232, 98 L.Ed.2d 191 (1987) (citing *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 364 (4th Cir.1985)). Where facts are disputed, a court, in considering a party's motion for summary judgment, must accept the opposing party's version of the events if supported by deposition testimony, affidavits, exhibits or other documentary evidence. *See Magnuson v. Peak Technical Servs., Inc.,* 808 F.Supp. 500, 504 (E.D.Va.1992).

■ Following its review of the record here, this Court concludes that the liability issues cannot be finally determined as a matter of law at this stage of the case. There has as yet been no discovery in this case. In support of its motion for summary judgment, plaintiff relies on the affidavit of Alan Watts, a manager of Cronos, and on a number of exhibits. In somewhat general and conclusory terms, Watts states that Amazon is in default of the leases and that Amazon has been in default for many months. Plaintiff Cronos claims that there is no genuine issue of material fact that Amazon owes Cronos $680,863.54 for ocean containers that Amazon leased and for those containers that it did not return to Cronos.

In opposing plaintiff's motion, defendant Amazon in turn has submitted a lengthy and detailed affidavit of Eduardo del Riego, its President, together with various exhibits.[2] Defendant's submissions clearly indicate that there are disputed facts concerning whether Amazon is even a party to two of the leases at issue. Disputed facts also exist as to whether Cronos properly defaulted Amazon under the Master Lease and whether Cronos properly terminated that lease. According to del Riego, Cronos improperly billed it for the amounts claimed to be due in the complaint.

Clearly, there are genuine disputes of material fact in this case concerning the issues presented by plaintiff's complaint. Accordingly, the motion for summary judgment of plaintiff Cronos will be denied.

### III

### *Defendant's Motion to Transfer Venue Or in the Alternative to Stay Proceedings*

Defendant Amazon has moved pursuant to 28 U.S.C. § 1404(a) to transfer this action to the United States District Court for the Southern District of Florida.[3] As noted, there is pending in that Court another suit brought by Cronos against Amazon, and pleadings in that case indicate that the same claims alleged by Cronos here have been asserted against Amazon in that action.

Section 1404(a) provides as follows:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

■ This statutory language echoes the common law doctrine of *forum non conveniens. See Gulf Oil Corp. v. Gilbert,* 330

---

**2.** Plaintiff has not challenged defendant's opposition to its motion for summary judgment by filing a reply to that opposition, as permitted by Local Rule 105.2.a.

**3.** Besides moving to transfer this case to Florida, defendant Amazon has in the alternative requested this Court to stay further proceedings in this case until this dispute has been resolved in the Florida court.

U.S. 501, 507–9, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). In addressing a motion to transfer filed pursuant to § 1404(a), a court must consider a number of factors including the private interest of the litigants, the relative ease of access to sources of proof, the availability of compulsory process for the attendance of unwilling witnesses, and "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gulf Oil,* 330 U.S. at 508, 67 S.Ct. 839. Other important factors include the convenience of the parties, the interest of justice and the advantage of having local issues of law and fact determined by local courts and juries. *Id.; see also Rowles v. Hammermill Paper Co.,* 689 F.Supp. 494, 495 (E.D.Pa.1988).

The decision to transfer under § 1404(a) rests in the sound discretion of the trial judge. *Quinn v. Bowmar Publishing Co.,* 445 F.Supp. 780, 787 (D.Md.1978). The resolution of the issue must turn on an analysis of the specific facts of the litigation and of other factors which are particularly relevant and which give meaning to the broad categories set forth in the statute.

■ Ordinarily, a plaintiff is entitled to select his forum unless there are factors of convenience sufficiently important to the parties and the court to occasion denying him that choice. *Ellicott Machine Corp. v. Modern Welding Cδ., Inc.,* 502 F.2d 178, 180 (4th Cir.1974); *Lanier Business Products v. Graymar Co.,* 355 F.Supp. 524, 528 (D.Md.1973). This Court, however, has not hesitated to transfer a case when a defendant has met its burden of showing that a shift of forum is appropriate. In this district, motions to transfer have been regularly granted where the defendant has shown that most of its key witnesses are residents of another district. *Roby v. General Tire & Rubber Co.,* 500 F.Supp. 480, 484–85 (D.Md.1980); *Bacon v. John Hancock Mutual Life Ins. Co.,* 317 F.Supp. 302, 303–04 (D.Md.1970); *Morganstern v. Marriott–Hot Shoppes, Inc.,* 270 F.Supp. 75, 77 (D.Md.1967); *Paesch v.*

*American Cyanamid Co.,* 257 F.Supp. 116, 117 (D.Md.1966), *mandamus denied,* 366 F.2d 756 (4th Cir.1966).

■ On the record here, this Court concludes that defendant Amazon has met its burden of showing that this case should be transferred to the Southern District of Florida pursuant to § 1404(a). There is pending in that court a suit between plaintiff Cronos and defendant Amazon presenting the same issues as are involved in this pending case. The Florida action was filed before this one was instituted. In opposing Amazon's motion, plaintiff Cronos cannot in this case rely on the principle that a plaintiff is entitled to select its forum since Cronos initially selected the Florida federal court for the resolution of this dispute. As a general rule, the forum where an action is first filed has priority over the forum where a subsequent action arising out of the same nucleus of facts is filed. *See L.F. Rothschild & Co., Inc. v. Katz,* 702 F.Supp. 464, 467 (S.D.N.Y.1988), *citing Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir.1978). The Supreme Court has held that where there are substantially similar actions between the same parties pending simultaneously in different federal courts, a court should be guided by the general principle to avoid duplicative litigation as between the courts. *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

Neither plaintiff Cronos nor defendant Amazon have any connection whatsoever with the State of Maryland. Cronos is a corporation organized and existing under the laws of England, having its principal place of business in Berkshire, England. Amazon is a corporation organized and existing under Bahamian law, having its principal place of business in Nassau, Bahamas. However, Amazon maintains an office in Miami where several key employees and documents pertinent to this suit are located. None of Amazon's vessels call in Maryland. The only connection which

Amazon has to Maryland and this forum is that certain of its assets are temporarily located here and have been attached by plaintiff.

Perhaps the most important factor to be considered by a court in passing on a motion to transfer is the convenience of the witnesses. *Roby,* 500 F.Supp. at 486. Here, transfer clearly serves the convenience of defendant's witnesses because their testimony in this case will be presented by persons who are located in Florida and who have no connection with Maryland.[4] Plaintiff Cronos has not contended that any of its witnesses reside in Maryland, and since Cronos is a foreign corporation, neither it nor its witnesses will be inconvenienced by having to travel from England to Florida rather than to Maryland. This is not a case in which Maryland law is applicable. The Master Lease provides that the agreement is to be governed by the laws of England.

Another significant factor present in this case is the interest of justice in avoiding duplicative litigation in different federal courts. In ruling on the pending motion to transfer, this Court may appropriately consider the "conservation of judicial resources and comprehensive disposition of litigation." *Kerotest Manufacturing Co. v. C–O–Two Fire Equipment Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 96 L.Ed. 200 (1952). Transfer of this case to the Southern District of Florida will permit that Court to consolidate the two actions and treat them as one.

Plaintiff Cronos argues that venue rules for normal civil actions do not apply to an admiralty action like this one which is *quasi in rem.* This Court would disagree. In *Continental Grain Co. v. The Barge FBL–585,* 364 U.S. 19, 25–26, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960), the Supreme Court upheld the transfer under § 1404(a) of an admiralty action like this one involving both *in rem* and *in personam* claims.

In *Trans-Asiatic Oil Ltd.S.A. v. Apex Oil Co.,* 743 F.2d 956, 960 (1st Cir.1984), the First Circuit noted that, although a participant in maritime commerce can expect to be sued wherever its credits and property may be found, the convenience of the defendant in a particular case may properly be addressed in a motion to change venue under § 1404(a). Here, three of the named garnishees have answered the complaint. In the three months since this action was filed, service of process has not been effected on the other six named garnishees, and they have not responded to the complaint. None of the three garnishees who have responded to the complaint have filed an opposition to defendant's motion to transfer.

There is likewise no merit to plaintiff's suggestion that this case will be resolved at a much earlier date in Maryland than in the Southern District of Florida. Plaintiff has failed to demonstrate that there are substantial differences in the filing to trial periods between the District of Maryland and the Southern District of Florida. In 1999, the average time in civil cases from the filing to trial in the Southern District of Florida was 19 months as compared to 18 months in the District of Maryland. This factor therefore is entitled to little weight when compared to the convenience to witnesses which will result if this case is transferred to Florida.

For all the reasons stated, this Court concludes that the convenience of the parties and witnesses and the interests of justice require that this civil action be transferred pursuant to § 1404(a) to the Southern District of Florida. An appropriate Order will be entered.

---

4. It is of no consequence that the office of plaintiff's lead counsel is in Maryland. Section 1404(a) is concerned with the convenience of parties and witnesses and not with the convenience of counsel.