**In re Anant Kumar TRIPATI, Petitioner.**

No. 87–5382.

United States Court of Appeals, District of Columbia Circuit.

Jan. 22, 1988.

Anant Kumar Tripati, pro se.

Before RUTH BADER GINSBURG, STARR and BUCKLEY, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

Petitioner Anant Kumar Tripati, currently incarcerated in the Federal Correctional Institution in Tucson, Arizona, has petitioned the court to issue a writ of mandamus. Tripati seeks to overturn an order of the district court transferring this lawsuit to the United States District Court for the District of Arizona. Because the district court did not abuse its discretion in ordering the case transferred, the petition is denied.

On May 13, 1987, Tripati filed a complaint for declaratory relief in the district court. Purporting to represent a class of "each and every Federal Prisoner, past, current [and] future," Tripati asserted, *inter alia*, violations of his sixth amendment rights. These violations allegedly stemmed from the government's failure to inform "accused individuals," including Tripati, of their right to self representation.

Tripati also alleged denial of access to legal materials, disabling him from ade-

quately pursuing review of his convictions. Specifically, he claimed that because his convictions "result[ed] from complex technical banking, insurance, securities and investment transactions," the available legal materials were plainly inadequate to allow him to challenge his convictions effectively.

Tripati moved for summary judgment. While the motion was pending, the government moved to have the case transferred to the federal district court in Arizona. Tripati opposed the motion, arguing that the lawsuit challenged "policies formulated in this district." The district court, on October 27, 1987, ordered transfer of the case to Arizona.

Mandamus is an extraordinary remedy to be granted only where essential to the interests of justice. *Starnes v. McGuire,* 512 F.2d 918, 929 (D.C.Cir.1974) (en banc). The writ will issue to block a transfer only if the court concludes, upon review of the entire record, that the district court grossly abused its discretion. *Id.* No such abuse occurred here.

As already noted, Tripati is incarcerated in the federal correctional facility in Tucson, Arizona. A prolific *pro se* litigant, Tripati has filed numerous civil actions in the federal district court in Arizona. Because his filings there have been so numerous, that district court ordered its clerk not to accept any complaint or petition from Tripati except pursuant to an order of a judge of the court. This measure was intended to insure that a judicial officer would review Tripati's claims to ascertain whether they duplicated other pending actions filed by him.

In the instant case, the district court reasonably could have concluded that transfer was appropriate because of Tripati's apparent attempt to avoid the threshold checkpoint his complaint would encounter in the Arizona district court. Transfer is indeed appropriate in such a situation to avoid the prospect of a litigant using one district court as a safe haven from the lawful orders of another.

Moreover, the Arizona district court has found, on two previous occasions, that the law library at FCI–Tucson is constitutionally adequate. *See Tripati v. Henman,* No. 86–231 (D.Ariz. April 14, 1987); *Tripati v. Henman,* No. 85–170 (D.Ariz. May 13, 1987). In addition, to the extent that Tripati complains that his incarceration is illegal, that complaint is properly presented only by a petition for a writ of habeas corpus. A habeas petition may be adjudicated only in the district in which Tripati's immediate custodian, his warden, is located. *See Guerra v. Meese,* 786 F.2d 414 (D.C.Cir.1986).

Finally, the expeditious final resolution of this controversy will be advanced in the transferee forum due to its familiarity with the related civil suits filed there by Tripati. This consideration further supports the transfer. *See Starnes v. McGuire,* 512 F.2d at 932.

For the reasons stated, the petition for a writ of mandamus is

*Denied.*