**Dennis RUSSELL, et al., Plaintiffs,**

v.

**IU INTERNATIONAL CORPORATION, et al., Defendants.**

**No. 87 C 5518.**

United States District Court, N.D. Illinois, E.D.

May 6, 1988.

Allen M. Blake, Allen M. Blake, P.A., Tampa, Fla., James K. Gardner, Neal, Gerber, Eisenberg & Lurie, Chicago, Ill., Brian E. Moran, Chapman & Moran, Stamford, Conn., Stephen W. Pickert, James V. Etscorn, Dempsey & Goldsmith, P.A., Orlando, Fla., for plaintiffs.

Jerold S. Solovy, Gail A. Niemann, Bruce A. Boyer, Jenner & Block, Plaza, Chicago, Ill., for IU Intern. Corp.

John A. MacColl, David Clarke, Jr., Piper & Marbury, Baltimore, Md., for Alex Brown & Sons, Inc. and William M. Legg.

Peter G. Swan, Emalfarb, Swan & Bain, Highland Park, Ill., for Christopher Jansen, Gilbert Granet and Bernard Krakower.

David M. Olasov, Robert Chender, Edwards & Angell, New York City, for Maxitron Corp. and RPN Acquisition Corp.

Maureen W. Fairchild, Chapman and Cutler, Chicago, Ill., Donald A. Gifford, Shackleford Farrior Stallings & Evans, Tampa, Fla., for Jack E. Schang, Kinzey Reeves, Leo H. Suggs, Manual T. Cadima and John H. Kelly.

## MEMORANDUM OPINION AND ORDER

ROVNER, District Judge.

Pending before the Court is the *Russell* plaintiffs ("plaintiffs") motion to transfer this case, pursuant to 28 U.S.C. § 1404, to the United States District Court for the Middle District of Florida, Orlando Division. For the reasons set forth below, this motion is granted in part and denied in part.

## I. INTRODUCTION

This case was originally filed on April 3, 1987, in the Middle District of Florida, Tampa Division, by over five hundred employees of P.I.E. Nationwide, a Florida corporation. The amended complaint alleges violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968; Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b–5 (17 C.F.R. 240.10b–5) promulgated thereunder; Sections 12(1) and (2) of the Securities Act of 1933, 15 U.S.C. §§ 771 (1) and (2); the Florida Civil Remedies for Criminal Practices Act, Fla. Stat. § 772.103; the Florida Securities Law, Fla.Stat. § 517.301; civil theft under Fla.Stat. § 772.11; common law causes of action for fraud, negligent misrepresentation, breach of contract and implied covenant of good faith and fair dealing, breach of fiduciary duties, and professional and gross negligence; and conspiracy. *Dennis Russell, et al. v. IU International Corporation, et al.*, No. 87–472–CIV–T–13A (M.D.Fla., Tampa Division) ("Florida *Russell* action").

The case of *Robert K. McKersie, et al. v. IU International Corp., et al.*, No. 86 C 1683 (N.D.Ill.) (Aspen, J.) ("*McKersie*") was filed on March 11, 1986, in the Northern District of Illinois, prior to the date

that the Florida *Russell* action was filed. During the pendency of settlement negotiations in the *McKersie* case, Judge Marvin E. Aspen of this district enjoined the parties in the Florida *Russell* action from prosecuting or defending that lawsuit: [1]

> [I]t appearing to the Court that an action entitled *Dennis Russell, et al. v. I.U. International Corporation, et al.,* No. 87–472–CIV–T–13A, is now pending in the United States District Court for the Middle District of Florida, Tampa Division ("the Florida action"), which was instituted by certain members of the Class certified in this Action, and it further appearing that the subject matter of the Florida action involves claims and questions of fact common to this Action, it is therefore ordered that the parties to the Florida Action are enjoined from proceeding with the prosecution or defense of the Florida action until final determination by this Court as to whether the Agreement should be approved, or until further order of this Court, except for any proceedings to transfer the Florida action to this Court.

*McKersie,* Order dated April 23, 1987, at 7.

As a result of Judge Aspen's ruling, on May 19, 1987, defendant IU International, joined by defendants RPN Acquisition Corporation, Maxitron Corporation, Alex. Brown & Sons Incorporated, John G. Christy, H. Beatty Chadwick, and William M. Legg ("defendants") moved to transfer the Florida *Russell* action to the United States District Court for the Northern District of Illinois. The defendants argued that it was in the interest of justice to transfer the case from the Florida court to this district where it could be consolidated with the *McKersie* litigation. The defendants also contended that the transfer and consolidation of this case with the *McKersie* suit would avoid unnecessary expenditure of the Florida's court's resources. In their memorandum in support of their motion to transfer, the defendants concluded:

In sum, convenience and, more importantly, the interest of justice weigh heavily in favor of the transfer of this suit from this district to the Northern District of Illinois *where it may be consolidated with McKersie.*

. . . .

> Defendant IU International ... respectfully requests that this Court grant its motion to transfer and order that this matter be transferred to the United States District Court for the Northern District of Illinois *so that it may be consolidated with McKersie.*

Florida *Russell* action, Memorandum in support of defendants' motion to transfer at 16–17 (emphasis added). *See also, id.* at 1–5, 8–10, 13–15.

Judge George C. Carr, of the United States District Court for the Middle District of Florida, granted the defendant's motion to transfer so that the *Russell* action could be consolidated with the *McKersie* case. The rationale for that decision is clearly stated in the one page order granting the transfer:

> As this action arises from the same facts and transactions challenged in an earlier-filed action presently pending in the Northern District of Illinois, *see McKersie, et al. v. IU International, et al.,* No. 86 C 1683 (N.D.Ill.), many potential plaintiffs in this action belong to the class certified in the Northern District of Illinois action, and the plaintiffs in this case have been enjoined by Judge Marvin E. Aspen in the Northern District of Illinois from further proceedings pending a settlement conference in the earlier-filed action, this Court finds that, in the interests of justice, convenience to the parties and judicial economy, transfer of this action is appropriate.

Florida *Russell* action, Order dated June 15, 1987 at 1.

As anticipated, IU International Corporation and Maxitron, Inc. moved for a finding of relatedness under Local Rule 2.31 [2] be-

---

**1.** Judge Aspen lifted the injunction on March 4, 1988. *McKersie* Order of February 23, 1988, at

11 [available on WESTLAW, 1988 WL 19586]. This motion to transfer was filed March 9, 1988.

**2.** Local Northern District Rule 2.31 provides in

tween the *McKersie* and *Russell* lawsuits. Judge Aspen denied that motion. *McKersie,* Order of October 13, 1987, at 7. Judge Aspen's decision was based on two factors. First, he found that the cases were not related as required under Local Rule 2.31(a). Second, Judge Aspen found that the *Russell* and *McKersie* cases did not meet the four criteria necessary for reassignment set forth in Local Rule 2.31(b). *McKersie,* Order of October 13, 1987, at 5–6.

## II. DISCUSSION

A federal district court may "[f]or the convenience of parties and witnesses, in the interest of justice ... transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A district judge must consider "all of the circumstances of the case" in determining whether to transfer venue.[3] *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219 (7th Cir.1986).

"Motions to retransfer an action back to the transferor court are generally looked upon with disfavor." *Saenz v. Playboy Publications,* No. 81 C 5723 (N.D.Ill. June 10, 1985) (Moran, J.) [available on WEST-LAW, 1985 WL 1851] (citations omitted). *See also Starnes v. McGuire,* 512 F.2d 918, 924 (D.C.Cir.1974) (en banc); *Grodinsky v. Fairchild Industries, Inc.* 507 F.Supp. 1245, 1248 (D.Maryland 1981). It is not appropriate for a transferee court to make an independent determination as to the propriety of the transfer of a case. The rule does not, however, apply where the circumstances under which the transfer was made have changed:

> Transferee courts have expressed a strong reluctance to review a transfer order indirectly by means of a motion to retransfer. They have the power to do so if the contention is that the transferor court lacked power to order the transfer rather than merely that the transferor court abused its discretion in applying the statute, but even the doctrine of law of the case ordinarily will suggest the wisdom of not reexamining the decision of a coordinate court. *A motion to retransfer is perfectly appropriate, however, on a showing of changed circumstance.*

15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* (2d ed.) § 3846 at 361–62 (1986) (emphasis added).

The Seventh Circuit has not decided the issue of whether retransfer of a case under 28 U.S.C. § 1404(a) is appropriate on a showing of changed circumstances. In the case of *In re Cragar Industries, Inc.,* 706 F.2d 503, 505 (5th Cir.1983), the Fifth Circuit, however, "declined to adopt a per se

---

pertinent part that:

   a. **Relatedness Defined.** Two or more cases may be related if one or more of the following conditions is or are met:

   1. The cases involve the same property;

   2. The cases involve the same issues of fact or law;

   3. The cases grow out of the same transaction or occurrence;

   4. In class action suits, one or more of the classes involved in the cases is or are the same; and

   5. In criminal cases all of the defendants named in each of the suits are the same and none of the cases includes defendants not named in any of the other cases.

   b. **Conditions Under Which Cases May be Reassigned As Related.** A case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met:

   1. Both cases are pending;

   2. The handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

   3. The earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

   4. Where a finding of relatedness if requested on the basis of common questions of law, such questions are complex or numerous; or Where such a finding is requested on the basis of common questions of fact, such questions are susceptible of resolution in a joint hearing.

  **3.** The defendants do not argue that venue is not proper in the Middle District of Florida. Moreover, the Court notes that in an action involving alleged violations of the federal securities laws, venue is proper in any district where an offer of sale of the securities occurred. *See* 15 U.S.C. § 77v(a). According to the allegations in the complaint, the employee stock investment plan was offered and/or sold to employees in the Middle District of Florida. Therefore, venue is proper in that district.

rule forbiding" the retransfer of a case to the district court where it was originally filed:

> "If the motion to transfer is granted and the case is transferred to another district, the transferee-district should accept the ruling on the transfer as the law of the case and should not re-transfer 'except under the most impelling and unusual circumstances' or if the transfer order is 'manifestly erroneous.'" Failure to abide the original transfer order contains the additional potential mischief of tossing cases back and forth to the detriment of an adjudication of the underlying merits of the case and respect due sister courts.
>
> It does not follow, however, that a transferee court is powerless to act where the original purposes of the transfer have been frustrated by an unforeseen later event. When such unanticipatable post-transfer events frustrate the original purpose for transfer, a return of the case to the original transferor court does not foul the rule of the case nor place the transferee court in a position of reviewing the decision of its sister court.

*Id.* (*quoting United States v. Koenig,* 290 F.2d 166, 173 n. 11 (5th Cir.1961), *aff'd* 368 U.S. 812, 82 S.Ct. 31, 7 L.Ed.2d 21 (1962)) (citations omitted). *C.f. Saenz v. Playboy Publications, Inc.,* No. 81 C 5723 (N.D.Illinois June 10, 1985) (Moran, J.) (court considered changed circumstances a valid reason to retransfer case, but found no changed circumstances of sufficient magnitude to warrant retransfer); *Holzsager v. Valley Hospital,* 482 F.Supp. 629 (D.C.N.Y. 1979) (case was retransferred to original court after transferee court granted a motion to dismiss for lack of the amount required in controversy by the party whose

convenience had been the cause for the initial transfer).

This Court cannot review the propriety of Judge Carr's decision to transfer this case to the Northern District of Illinois. The Court need not, however, review Judge Carr's decision in order to grant the pending motion to transfer. Judge Carr's order left no question that he decided to transfer this case so the parties would have an opportunity to consolidate *Russell* with *McKersie.* No such consolidation will ever occur. Judge Aspen's order denying relatedness thus frustrates the original purpose of the transfer. This frustration creates an unanticipated change of circumstances that justifies an order transferring this case back to the Middle District of Florida, Tampa Division, where it was originally filed.[4]

### III. CONCLUSION

For the reasons set forth above, the Russell plaintiffs' motion to transfer this case to the United States District Court for the Middle District of Florida is granted in part and denied in part. It is hereby ordered that the Clerk of this Court transfer this case to the Middle District of Florida, Tampa Division.

---

**4.** The pending motion to transfer requests that this case be transferred back to a different division in the Middle District of Florida. Originally this case was filed in Tampa. Now the plaintiffs want to litigate in Orlando. The only argument plaintiffs provide for this requested change in divisions is that Orlando is where plaintiffs' lead trial counsel have their offices. As discussed above, the only reason that this case is being transferred back to the Middle District of Florida is that the underlying justification for the original transfer to this district no longer exists. This rationale does not, however, provide any support for transferring the case to another division within the Middle District of Florida. Therefore, the Court denies plaintiffs' request to transfer this case to the Orlando Division of the Middle District of Florida.