971 F.2d 766
 297 U.S.App.D.C. 303
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
In re Francis FERRI, et al., Petitioners.
 Nos. 91-8029, 92-5202.
 United States Court of Appeals, District of Columbia Circuit.
 June 5, 1992.
 
 Before HARRY T. EDWARDS, BUCKLEY and SENTELLE, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the application to proceed in forma pauperis and the petition for a writ of mandamus, it is
 
 
 2
 ORDERED that the motion to proceed in forma pauperis be granted. The Clerk is directed to enter the petition for a writ of mandamus on the court's general docket. It is
 
 
 3
 FURTHER ORDERED that the petition for a writ of mandamus be denied. Mandamus is an extraordinary remedy to be granted only where essential to the interests of justice. Starnes v. McGuire, 512 F.2d 918, 929 (D.C.Cir.1974) (en banc). "The writ will issue to block a transfer only if the court concludes, upon review of the entire record, that the district court grossly abused its discretion." In re Tripati, 836 F.2d 1406, 1407 (D.C.Cir.1988). Because petitioners were essentially seeking an earlier parole date, the district court properly construed the habeas corpus. A challenge to parole eligibility, which can be pursued only via a habeas corpus action, is properly brought in a court with personal jurisdiction over the warden of the facility in which petitioner is incarcerated. See Chatman-Bey v. Thornburgh, 864 F.2d 804 (D.C.Cir.1988) (en banc). Accordingly, the district court did not abuse its discretion in transferring petitioners' action to the District of Kansas, where they are incarcerated.