Ida Maxwell WELLS, Plaintiff,

v.

G. Gordon LIDDY, Defendant.

No. CIV. 99–3452.

United States District Court,
District of Columbia.

June 7, 2000.

U.S. District Judge J. Frederick Motz, United States District Court, Baltimore, MD.

David M. Dorsen, Wallace, King, Marroro & Branson, Washington, DC.

Larry Greenberg, Bethesda, MD.

Douglas Nazarian, Ty Cobb, Hogan & Hartson, Baltimore, MD.

John B. Williams, Kerrie L. Hook, Collier, Shannon, Rill & Scott, Washington, DC.

## MEMORANDUM OPINION AND ORDER

SULLIVAN, District Judge.

On December 1, 1999, United States District Court Judge J. Frederick Motz of Maryland transferred a case, *Ida Wells v. G. Gordon Liddy,* Civil Action 97–946 (now docketed in this Court as Civil Action 99–3452), to this Court for possible consolidation with the case *Dean v. St. Martin's Press, Inc., et al.,* Civil Action 92–1807. On February 24, 2000, this Court issued an order denying consolidation and ordering, *sua sponte,* that Wells' case be retransferred to the United States District Court for the District of Maryland. However, the transfer order was stayed subject to the filing of a possible motion to oppose transfer. Plaintiff filed such a motion, which was in turn opposed by defendant. Upon consideration of plaintiff's motion to oppose the transfer, the opposition and reply thereto, and for the reasons stated, plaintiff's motion [20–1] is DENIED and this matter is transferred to Maryland pursuant to this Court's February 24, 2000 order.

This Court ordered the transfer, *sua sponte,* pursuant to 28 U.S.C. § 1404(a), which authorizes the transfer of cases "[f]or the convenience of parties and witnesses, in the interest of justice." Courts also consider the plaintiff's choice of forum, relative ease of access to sources of proof and the public interest. *See e.g. Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–9, 67 S.Ct. 839, 91 L.Ed. 1055, (1947); *Chung v. Chrysler Corp.,* 903 F.Supp. 160, 163–4 (D.D.C.1995).

In ordering the retransfer to Maryland, this Court reasoned that it would be more efficient to have the case heard before Judge Motz who had already familiarized himself with the issues in the case. Additionally, Judge Motz had stated that he was holding a September trial date for the *Wells* matter so that the case would not be delayed in the event that it were returned to Baltimore. Thus, the Court concluded it would serve judicial economy and the public interest to retransfer the case.

Against these considerations, plaintiff has argued that this Court's familiarity with the *Dean* case, which presents some overlapping issues of fact and law and had

been scheduled for trial in July 2000, would facilitate subsequent resolution of this case. Plaintiff also argued that, given parallel issues in the cases, any appeals should be heard by the same circuit. However, the claims in the *Dean* case were dismissed without prejudice on June 2, 2000. With the *Dean* case no longer set for trial before this Court, the most persuasive argument for vacating the transfer order has been eliminated.

Plaintiff does offer other arguments against retransfer, yet none of them are compelling. Plaintiff argues that there is a strong presumption against *sua sponte* transfers, *see In re Chatman–Bey*, 718 F.2d 484, 487 (D.C.Cir.1983) (citing *In re Scott*, 709 F.2d 717, 719 (D.C.Cir.1983), that sua sponte transfers should be reserved for " 'exceptional circumstances.' "), as well as against retransfer of a case. *See In re Cragar Industries, Inc.*, 706 F.2d 503 (5th Cir.1983). However, the Court disagrees that the holdings in these cases preclude retransfer where, as here, Judge Motz' stated "sole reason" for the original transfer was to allow this Court to consider consolidation with the *Dean* case. *Wells v. Liddy*, No. 97–946, slip op. at 4 (D.Md. Dec.1, 1999). In a similar situation, an Illinois district court retransferred a case that had been transferred from Florida for purposes of possible consolidation; once the consolidation did not go forward, the court found that the purpose of the transfer was "frustrated" and it was appropriate to retransfer to the original forum. *See generally, Russell v. IU International Corp.*, 685 F.Supp. 172 (N.D.Ill. 1988).

The Court acknowledges that plaintiff would now prefer to litigate her case in the District of Columbia. However, it is questionable whether plaintiff's choice of forum is entitled to much deference at this point; plaintiff chose to bring the suit in Maryland originally, and argued strenuously against the transfer from Maryland to the District of Columbia. It is the defendant, who for years sought to transfer this case to the District of Columbia, who now consents to a retransfer to the District of Maryland.

Nor is there compelling force in plaintiff's argument that the District of Columbia is more convenient for the litigants and likely witnesses. In his initial transfer order, Judge Motz did find that the District of Columbia was slightly more convenient for counsel and likely witnesses. However, Judge Motz noted that this convenience factor was "negligible" since there is relatively little distance between the two cities.

Therefore, while there are some factors that tip slightly in favor of this Court retaining jurisdiction, the Court finds they are outweighed by the benefit of returning this matter to the judge who is already familiar with the case and able to try it in a timely fashion. Therefore, it is hereby

**ORDERED** that plaintiff's motion to oppose transfer [20–1] is **DENIED**; and it is further

**ORDERED** that plaintiff's request that the Court certify this matter for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is **DENIED**. If plaintiff believes the Court has abused its discretion in failing to vacate the retransfer order, plaintiff can avail herself of other existing remedies. *See e.g., In Re Tripati*, 836 F.2d 1406 (D.C.Cir.1988); *Starnes v. McGuire*, 512 F.2d 918 (D.C.Cir.1974); and it is further

**ORDERED** that the above-captioned case shall be **TRANSFERRED** to the United States District Court for the District of Maryland pursuant to this Court's February 24, 2000 order.

**IT IS SO ORDERED.**