**Paul SCINTO, Appellant**

v.

**FEDERAL BUREAU OF PRISONS, a division of the U.S. Department of Justice, et al., Appellees.**

**No. 09–5132.**

United States Court of Appeals, District of Columbia Circuit.

Oct. 30, 2009.

Paul Scinto, New Bern, NC, pro se.

R. Craig Lawrence, Assistant U.S. Attorney, Christian A. Natiello, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellees.

BEFORE: TATEL, GRIFFITH, and KAVANAUGH, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). Upon consideration of the foregoing and the motion to strike, which is included in appellant's reply brief, the motion for appointment of counsel, the motion to file fewer briefs than required, and the motion to defer the appendix, it is

**ORDERED** that the motion to strike be denied. It is

**FURTHER ORDERED** that the motion for appointment of counsel be denied. With the exception of defendants appealing or defending in criminal cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED** that the motion to file fewer briefs than required be granted. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's order of March 30, 2009, 608 F.Supp.2d 4, be affirmed. The district court properly construed appellant's claims against the Federal Bureau of Prisons, and Harely S. Lappin and Kim M. White in their official capacities, as claims against the United States, *see Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985), and dismissed these claims because the United States has not waived sovereign immunity with respect to actions for violations of constitutional rights by federal officials, *see Clark v. Library of Congress*, 750 F.2d 89, 103 n. 31 & 104 (D.C.Cir.1984).

Appellant has not shown that the district court abused its discretion in transferring the remainder of the case to the Eastern District of North Carolina. *See In re Tripati*, 836 F.2d 1406, 1407 (D.C.Cir.1988) (per curiam). It is

**FURTHER ORDERED** that the motion to defer the appendix be dismissed as moot.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.