**UNION TANK LEASEHOLD BUILDING CO. et al., Plaintiffs,**

v.

**DuPONT GLORE FORGAN, INC., et al., Defendants.**

**No. 79 Civ. 1349.**

United States District Court, S. D. New York.

March 11, 1980.

On Motion to Retransfer May 16, 1980.

Foss, Schuman & Drake, Chicago, Ill., for plaintiffs; Tenzer, Greenblatt, Fallon & Kaplan, New York City, of counsel.

Leva, Hawes, Symington, Martin & Oppenheimer, Washington, D.C., for defendants; Richard P. Shlakman, Washington, D.C., of counsel.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

This action was transferred pursuant to 28 U.S.C. § 1404(a) from the Northern District of Illinois by order of the Honorable Thomas R. McMillen. Plaintiff now moves to have the case transferred back to the Northern District of Illinois on the ground that (1) the transfer was erroneous and (2)

in any case, the circumstances upon which the district judge based his decision have changed.

Judge McMillen's memorandum and order make clear that he decided to transfer the case for two reasons. (1) He found that the facts alleged in plaintiffs' fourth amended complaint were the same or similar to those facts called into issue by *Allegaert v. Perot*, 75 Civ. 3214, a case pending before us. (2) He found that the overwhelming majority of "occurrence" witnesses reside or work in this district, whereas no witnesses are from the Chicago area.

■ The law is clear that if we were to find that Judge McMillen's ruling was erroneous as a matter of law, we would have the power to re-transfer the case to Illinois. Moore's Federal Practice, Vol. 1B, ¶ 0.404[8] pages 531–537. See also *Simeone v. Leviton Mfg. Co.* (D.Conn.1954) Civil Action No. 4566; *Gulf Research & Development Co. v. Schlumberger Well Surveying Corp.* (D.Del. 1951) 98 F.Supp. 198. We, however, decline to make such a finding and assume that the decision was correct given the circumstances as they then existed.

We do, however, find that there has been a change of circumstances since the case has been transferred—the related action relied upon by Judge McMillen has for all intents and purposes been settled.[1]

We see no purpose in attempting to try to divine what may have been in Judge McMillen's mind on February 20, 1979, or in guessing at whether or not he would have transferred the case solely on the basis of the convenience of witnesses. Rather, we will examine the situation *de novo* to decide whether the case should now remain here. In so doing we shall place upon the plaintiffs the burden of convincing us that the action is now in an inconvenient forum.

As plaintiffs describe their allegations in the moving papers, the gravamen of the complaint seems to be that defendants occupied and used the demised premises in ques-

---

1. Although defendants are technically correct in asserting that the case has not been settled against one defendant, Tip Cullen, what re-mains of the case in no way resembles the monster litigation which was before us at the time of the transfer.

tion without assuming any liability under the Walston Illinois lease, and that defendants were able to accomplish this only by falsely representing their status to plaintiffs.

■ While plaintiffs' papers create the impression that the above is the crux of the case, plaintiffs' fourth amended complaint puts into issue in great detail a series of transactions whereby defendants allegedly assumed control of Walston and ultimately caused that company to become insolvent. These allegations are identical to those contained in the *Allegaert v. Perot* case and it is these allegations which transform this case from a relatively simple property action into a full-blown complex action requiring scores of documents and witnesses in the New York area. We must therefore conclude that if plaintiffs insist upon proceeding to trial with the present complaint, the action should remain in this district. However, if plaintiffs will amend their complaint to eliminate what seems to us to be surplusage, we will re-transfer the action to the Northern District of Illinois.

In other words, plaintiffs' motion is now denied without prejudice to a renewal within thirty days of the filing of this order if plaintiffs shall in the meantime have served a fifth amended complaint which shall eliminate any issues not relevant to what appears to us to be a simple Illinois action.

SO ORDERED.

### ON MOTION TO RETRANSFER

In our memorandum of March 11, 1980 we indicated that, upon appropriate motion, we would retransfer the case to the Northern District of Illinois should the plaintiff file a fifth amended complaint eliminating the, issues raised in the *Allegaert v. Perot* litigation (hereinafter "the *Allegaert* issues") which, as we viewed the situation, caused Judge McMillen to send the case to us.

On April 9, 1980 plaintiffs submitted a proposed fifth amended complaint purporting to comply with our suggestion, moved for leave to file that complaint, and re-

newed their motion for retransfer. Defendants now oppose these motions. Conceding that all direct references to the *Allegaert* issues have been eliminated from the proposed amended complaint, they contend that the relief requested could be supported by the same proof involved in the *Allegaert* issues. Annexed as Exhibit A to the opposing papers submitted by defendants is a first amended third-party complaint (hereinafter "the Illinois complaint") to which they point as an appropriate model for the pleading of the purely Illinois action which the plaintiffs contend they are now seeking to pursue and have asked us to retransfer to the Northern District of Illinois.

■ In light of the broad elasticity now permissible under the doctrine of notice pleading, it is impossible to determine by a mere reading of the fifth amended complaint whether the plaintiffs' or the defendants' characterization of it is correct. Therefore we cannot tell from such a reading whether if we granted the motion to retransfer we would have accomplished our purpose of protecting the district court for the Northern District of Illinois and the litigants before it from the burden of litigating some or all of the *Allegaert* issues. To meet this problem, we suggested that the plaintiffs stipulate that as a condition to retransfer they would consent that the district court in the Northern District of Illinois could, in its discretion, limit all discovery proceedings and all proof at trial to matters which would be germane to and provable under the Illinois complaint. The plaintiffs so stipulated on the record before us. On the basis of such stipulation we grant the plaintiffs' motions for leave to file the fifth amended complaint and to retransfer the action to the Northern District of Illinois.

SO ORDERED.