**In re CRAGAR INDUSTRIES, INC. and General Motors Corporation, Petitioners.**

Nos. 83–4285, 83–4286.

United States Court of Appeals, Fifth Circuit.

May 18, 1983.

Gold, Little, Simon, Weems & Bruser, Alexandria, La., for defendants.

Howard N. Nugent, Jr., Alexandria, La., for Robinson.

Howard B. Gist, Jr., Charles O. Lacroix, Steven W. Cook, Alexandria, La., for GMC in both cases.

Gist, Methvin, Hughes & Munsterman, Alexandria, La., for GMC in 83–4286.

Henry B. Bruser, III, Alexandria, La., for Cragar Ind., Inc.

Before CLARK, Chief Judge, POLITZ and HIGGINBOTHAM, Circuit Judges.

BY THE COURT:

General Motors and Cragar Industries, defendants in a suit for personal injuries, petition for writ of mandamus requesting review of an order transferring the case from the Western District of Louisiana to the Northern District of Mississippi. The order of transfer, while not specific as to its statutory basis, apparently granted a motion filed by plaintiff, Jerrell Wayne Robinson, under 28 U.S.C. § 1404(a).

■ The willingness of appellate courts to review rulings on requested transfer motions under the All Writs Act has been expressed in uneven terms throughout the country and within this circuit. The law of this circuit is best described as an increasing unwillingness to grant interlocutory review of district court decisions regarding requested transfers, apparently, in an increasing recognition that such decisions sound in the discretion of the trial court. *Garner v. Wolfinbarger,* 433 F.2d 117 (5th Cir.1970). In *Garner* we noted, "In the voluminous litigation over transfer orders, only a few litigants have surmounted the formidable obstacles and secured the writ [of mandamus]." *Id.* at 120. We noted the case development recently in *In re McDonnell Douglas Corp.,* 647 F.2d 515 (5th Cir. 1981). Identifying factors influencing the decision whether to issue such writs, we noted that they "include whether the district court failed to construe and apply the statute correctly, whether the relevant factors incident to a motion to transfer were considered, and whether there was a clear abuse of discretion." *Id.* at 517. We turn to these petitions.

Jerrell Robinson is a resident of the Western District of Louisiana. He was injured in Coahoma County, Mississippi on November 9, 1976, while driving an automobile manufactured by General Motors, with mag-type wheels manufactured by Cragar Industries. Both the car and the wheels were purchased in Alexandria, Louisiana. A previous owner had used them there for more than two years before the accident.

Robinson first filed suit against General Motors in the Northern District of Mississippi on November 10, 1979, and joined Cragar as co-defendant on December 19, 1979. On February 20, 1980, Judge Keady in the Northern District of Mississippi granted Cragar's Rule 12 motion to dismiss on the basis that the Mississippi long-arm statute was not available to Robinson, a non-resident of Mississippi. Unable to proceed in Mississippi against both Cragar and General Motors, Robinson, on May 19, 1980, requested transfer under 28 U.S.C. § 1404(a) to the Western District of Louisiana. Robinson had objected to an earlier request for transfer by General Motors, which had been denied on February 7, 1980. Robinson's change of heart apparently was based principally, if not solely, upon his inability to obtain jurisdiction over Cragar. Judge Keady granted the unopposed motion to transfer on May 27, 1980.

Robinson then amended his complaint in the Western District of Louisiana and obtained process on Cragar under the Louisiana long-arm statute. Cragar's motion to dismiss for lack of personal jurisdiction was denied by Judge Scott on August 26, 1981. However, on March 19, 1982, Judge Scott granted Cragar's motion for summary judgment, ruling that Robinson's claims against Cragar were barred by applicable Louisiana statutes of limitations. He issued a judgment of dismissal on June 28, 1982, but was not requested to, and did not, issue any certificate under Rule 54(b).

On January 7, 1983, General Motors moved for summary judgment, also urging that the claim against it was barred by limitations. Robinson responded to General

Motors' motion for summary judgment by requesting that the case be returned to the Northern District of Mississippi. Robinson claimed by supporting affidavit there were six fact witnesses in Mississippi who would be available if the case were tried there. He did not identify them or detail their expected testimony. He also asserted that the docket conditions in the Western District of Louisiana were crowded. Eight days later, Judge Scott entered an order transferring the case to the Northern District of Mississippi. He thereafter stayed the order, however, to allow General Motors to move for reconsideration, a motion he denied by minute entry on April 19, 1983. It is this order returning the case to Mississippi that both General Motors and Cragar here complain of.

Cragar and General Motors are not similarly situated. Cragar is no longer a party to the case. It fears, however, that the interlocutory character of the order granting its motion for summary judgment might be reconsidered by the Mississippi court. While we doubt that Cragar's fears are sufficient to warrant review, we do not address its troubling procedural posture. The petition of General Motors squarely presents for review Judge Scott's order. For that reason, we pretermit consideration of Cragar's petition, turning instead to the petition for writ of mandamus filed by General Motors.

General Motors contends that the Louisiana court clearly abused its discretion because it effectively overturned the decision of the original transferor court contrary to the "law of the case" and because there was an inadequate record basis for its decision. Finally, General Motors, in what is essentially a recharacterization of both arguments, suggests that the Louisiana court has unwittingly become a party to forum-shopping.

Certainly, the decision of a transferor court should not be reviewed again by the transferee court. *Starnes v. McGuire*, 512 F.2d 918, 924 (D.C.Cir.1974) (en banc). Such an independent review would implicate those concerns which underlie the rule

of repose and decisional order we term the law of the case. We have said: "If the motion to transfer is granted and the case is transferred to another district, the transferee-district should accept the ruling on the transfer as the law of the case and should not re-transfer 'except under the most impelling and unusual circumstances' or if the transfer order is 'manifestly erroneous.'" *United States v. Koenig*, 290 F.2d 166, 173 n. 11 (5th Cir.1961), *aff'd*, 396 U.S. 121, 90 S.Ct. 396, 24 L.Ed.2d 305 (1962). Failure to abide the original transfer order contains the additional potential mischief of tossing cases back and forth to the detriment of an adjudication of the underlying merits of the case and respect due sister courts.

It does not follow, however, that a transferee court is powerless to act where the original purposes of the transfer have been frustrated by an unforeseen later event. *See* 15 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3846 (1976). When such unanticipatable post-transfer events frustrate the original purpose for transfer, a return of the case to the original transferor court does not foul the rule of the case nor place the transferee court in a position of reviewing the decision of its sister court. It, instead, represents a considered decision that the case *then* is better tried in the original forum for reasons which became known after the original transfer order. In sum, we decline to adopt a per se rule forbidding a return of a transfer by the transferee court of a transferred case.

From our review of the record, we are unable to find that any event has occurred since the original transfer that was not reasonably foreseeable by Robinson. No new facts have been discovered. No new witnesses have been located. The only "change" is the realization of Robinson that his claim against Cragar cannot proceed and that General Motors may enjoy a defense in Louisiana it did not have in Mississippi, a matter concerning which we express

no opinion.[1] At best, Robinson's requested return to Mississippi is bottomed upon a realization that he may have made a tactical error in his original transfer request. That Cragar has successfully, at least to date, defended in Louisiana does not represent a failure of the original premise of transfer. Cragar was amenable to process in Louisiana. The Louisiana district court expressly so held.

We are unable to find from the record a sufficient basis for the order transferring this case back to Mississippi. We have acknowledged the wide discretion enjoyed by a district court and our considerable reluctance to superintend that decision by a writ of mandamus. This reluctance is borne of basic notions of institutional order and upon the common-sense realization that the system works best when able district judges, as here, are left to manage their own dockets. The power of review does exist, however, and we are unwilling to strip all meaning from it. We are aware that this record is sparse, and the trial court is at the mercy of the lawyer's appellate effort. Should there be additional facts, they should be brought to our attention. While we find that our disagreement with the order of transfer to Mississippi rises to the level of "abuse of discretion," we withhold issue of the writ, confident that the district court will reconsider its earlier order of transfer.

---

1. In *Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1110 (5th Cir. 1981), we held that a transferee court should apply the choice of law rules of the state where it sits following a § 1404(a) transfer from a district in which personal jurisdiction over the defendant could not be obtained. Here, however, personal jurisdiction was available over one of the defendants, General Motors, prior to the § 1404(a) transfer.