**Ray REPP and K & R Music, Inc. Plaintiffs,**

v.

**Andrew Lloyd WEBBER, the Really Useful Group, PLC; the Really Useful Company, Inc., MCA Records, Inc.; Hal Leonard Publishing Corporation; Polygram Records, Inc.; and Does 1–10, Defendants.**

**No. 91 Civ. 0906 (SWK).**

United States District Court, S.D. New York.

June 17, 1992.

Cherry & Flynn, Chicago, Ill. by Myron M. Cherry, William R. Coulson, for plaintiffs.

Gold, Farrell and Marks, New York City by Jane G. Stevens, Christine Lepera, for defendants.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

This copyright infringement action was originally brought by plaintiffs Ray Repp and K· & R Music Inc. ("Repp") in the United States District Court for the Northern District of Illinois, Eastern Division (the "Illinois District Court"). On defendants' motion, pursuant to 28 U.S.C. § 1404(a), the action was transferred to this Court. Repp now moves under § 1404(a) to have the case retransferred to the Illinois District Court.

### I. The Original Transfer

In 1990, Repp brought an action in the Illinois District Court to recover damages for infringement of his copyright in a song "Till You." The complaint alleges that defendants illegally used Repp's song in defendant Andrew Lloyd Webber's ("Webber") musical "The Phantom of the Opera," and that they sold thousands of records and sheet music under the name of "The Phantom of the Opera." Defendants have filed a counterclaim alleging that Repp's "Till You" infringed Webber's copyright in a song called "Close Every Door."

Thereafter, defendants moved to transfer the case to this Court. The Illinois District Court granted defendants' motion on the grounds that the convenience to the parties and the witnesses outweighed Repp's claims that it was more economically feasible for him to maintain the action in Chicago.[1] Specifically, the court found that Webber, a British citizen residing in England and maintaining a New York apartment, owned no property in Illinois, did no business there and had no occasion to travel there on personal business. Similarly, defendant Really Useful Group, Plc. had no office in the United States and its only subsidiary, Really Useful Company, Inc., was located in New York. The other defendants also had no connection with

---

1. Repp currently lives in upstate New York, approximately 240 miles from New York City. Although Repp's home is much closer to New York City than Chicago, he nevertheless maintains that litigating in Chicago is less expensive as he has retained counsel in Chicago and he can stay with his sister during the trial, thereby avoiding airfare and hotel expenses for himself and his counsel.

Chicago, except that PolyGram Records maintained a warehouse facility in the Chicago area. Relying on *Scheinbart v. Certain–Teed Products, Corp.*, 367 F.Supp. 707 (S.D.N.Y.1973), the Illinois District Court also determined that Repp's argument regarding the convenience of counsel was entitled to little or no weight under Section 1404(a). It further noted that Repp, a resident of New York State, lived closer to New York than Chicago.

## II. Motion for Retransfer

■ Repp now moves to have the action transferred back to the Illinois District Court, claiming that circumstances have changed such that the original purpose of transferring the case can no longer be fulfilled. Repp raises five arguments in support of the motion to retransfer. First, Repp notes that Webber, the main defendant in this case, originally claimed to have a residence in New York City and declared that "the Southern District of New York is a substantially more convenient forum for me, both in my individual capacity and as a director of Really Useful Group." Declaration of Andrew Lloyd Webber Submitted in Support of Motion to Transfer, executed on October 4, 1990, at ¶¶ 2, 4. Now, however, Webber asserts that he has no plans to come to the United States at any time in the coming months as he is engaged with work on his new show and the pregnancy of his wife. Letter from Jane Stevens to Myron Cherry, dated February 20, 1992, at 1.

Second, Repp argues that the transfer motion was granted in part because of claims that the Southern District of New York was a more convenient forum for two liability witnesses, David Caddick and Sarah Brightman. According to Repp, it is now clear that David Caddick has little significance as a liability witness and therefore his presence in New York City does not justify transfer to this Court. It is also clear that it was erroneous to transfer the case to New York based on the presence of Sarah Brightman, Webber's wife at the time of the original transfer. Contrary to defendants' assertion that Brightman would be in New York "for some future

extended period of time," Supplemental Affidavit of Jane Stevens in Further Support of Transfer Motion, sworn to on November 1, 1990, at ¶ 3, she is no longer in New York City, nor is she performing in Webber's Broadway musical "Aspects of Love." She is now divorced from Webber and her current address is unknown.

Third, Repp contends that although defendants originally complained of the burden of producing documents in Chicago, they have nonetheless done so, thereby frustrating yet another reason for the transfer.

Fourth, Repp asserts that since the action was transferred to this Court, the issues of liability and damages have been bifurcated. *See* Stipulation, dated October 30, 1990. Accordingly, it should make little difference to defendants MCA Records Inc., Hal Leonard Publishing, Corp., and Polygram Records, Inc., which are needed only for the issue of damages, whether the case is tried in Chicago or New York City.

Finally, Repp claims to be indigent and asserts that he will be unable to successfully finance and prosecute this action if he must proceed in New York City.

## DISCUSSION

### I. Retransfer to the Illinois District Court

28 U.S.C. § 1404(a) provides that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The standard for retransfer has been enunciated in *In re Cragar Indus., Inc.*, 706 F.2d 503, 505 (5th Cir.1983):

> If a motion to transfer is granted and the case is transferred to another district, the transferee-district court should accept the ruling on the transfer as the law of the case and should not retransfer except under the most impelling and unusual circumstances or if the transfer is manifestly erroneous.

Impelling and unusual circumstances arise when "unanticipatable post-transfer events

frustrate the original purposes of the transfer." *Id.* at 505; *accord BMC Indus., Inc. v. Employers Insur. of Wausau,* 1991 WL 12800 (N.D.N.Y. Feb. 4, 1991); *Dresser Indus., Inc. v. First Travel, Corp.,* 1990 WL 159037 (W.D.N.Y. Oct. 11, 1990); 15 C. Wright, A. Miller and E. Cooper, *Federal Practice & Procedure* § 3846 (1976); *see also, Union Tank Leasehold Bldg. Co. v. DuPont Glore Forgan,* 494 F.Supp. 514 (S.D.N.Y.1980) (retransfer was appropriate where transfer was erroneous or where circumstances have changed).

Evaluating plaintiffs' arguments in light of the *Cragar* standard, the Court finds that the changed circumstances are not sufficiently significant to warrant a re-transfer to the Illinois District Court. First, although Webber, in support of his original motion to transfer the case to this Court, stated that he maintained a resi-dence in New York, at no time did he claim that he lived in New York throughout the year, that he would be available at all times to travel to New York, or that he would never request to have his deposition taken in London. He merely stated that it was more convenient for him to litigate in New York because he has more occasion to be in New York City than Chicago. Thus, Web-ber's inability to readily come to New York does not frustrate the original purpose of the transfer.[2]

Second, even accepting plaintiffs' conten-tions that New York is no longer a conve-nient forum for Sarah Brightman, plain-tiffs still fail to meet the *Cragar* standard. Although Brightman's divorce was an un-anticipatable post-transfer event, and al-though this changed circumstance may be compelling, Brightman's absence in New York does not frustrate the original pur-pose of the transfer. Brightman's pres-ence in New York was only one of many factors which the Illinois District Court considered in its decision to transfer the case to this Court. Moreover, in opposing the original motion to transfer, plaintiffs themselves noted that Brightman was not a critical witness. Specifically, in opposing the original transfer motion Repp stated:

> Ms. Brightman's status as a witness is at best dubious. Certainly defendants have *not* shown that she is in any sense neces-sary. Webber's own affidavit does not even mention her as a possible witness, and defendants' Supplemental Affidavit (from one of their *lawyers*) merely terms her a 'potential' witness—even that, moreover, only 'on information and be-lief.'

Plaintiffs' Response in Opposition to Mo-tion to Transfer ("Pl.Mem."), at 6. Now, Repp suggests that in spite of her "dubi-ous" value as a witness, Ms. Brightman's absence in New York is extremely signifi-cant and warrants a retransfer to Chicago. Repp cannot, however, have this case re-transferred to Chicago merely by changing his argument with respect to the impor-tance of Ms. Brightman's testimony.

Further, Repp argues that the action should be retransferred because Caddick, a resident of New York, is now a "marginal" witness. Even accepting Repp's argument, this does not satisfy the stringent standard of retransfer enunciated in *Cragar*. It is not "unanticipatable" for the testimony of a witness to gain or lose importance as discovery proceeds. Moreover, the original purpose of the transfer is not thwarted because the value of Caddick's testimony was not heavily relied upon by the Illinois District Court in transferring the case to this Court. In addition, Caddick's impor-tance as a witness does not affect the Illi-nois District Court's main argument in sup-port of the transfer, namely the conve-nience to the defendants of the New York forum.

Similarly, it is true that, in an effort to transfer the case to New York, defendants argued that it would be burdensome to produce documents in Chicago. It is also true that defendants have nevertheless pro-duced documents in Chicago. However, as defendants argue:

> presence in London are no longer prohibitive. Supplemental Affidavit of Jane G. Stevens, sworn to on May 8, 1992, at ¶¶ 3–4.

---

**2.** It should also be noted that since this motion was made, Webber has agreed to be deposed in New York as the commitments requiring his

The fact that defendants provided plaintiffs' counsel with *copies* of certain documents in Chicago as a courtesy does not manifest a compelling change in circumstances requiring retransfer. Prior to the transfer, defendants made certain *original* documents available to plaintiffs in Chicago through defendants' then local counsel because the case was then pending there and [they] were required to do so, at substantial inconvenience. Clearly, the future production of all original documents in Chicago would be far more burdensome than producing them in New York, as many documents are located in various defendants' New York offices.

Jane Stevens' Affidavit in Opposition to Motion to Retransfer this Action to the Northern District of Illinois and in Support of Sanctions, at ¶ 26.

Finally, although Repp's indigence and the issue of bifurcation may appear to be both "impelling" and "unusual," these arguments have already been considered by the Illinois District Court.[3] In the original motion, Repp specifically asserted that since the case was likely to be bifurcated, most of the New York witnesses would only be needed for the damages issue, thereby vitiating the need to transfer the case to New York. Pl.Mem., at 2. Since Repp has offered no additional evidence demonstrating that the bifurcation resulted in unforeseen consequences, this Court sees no reason to disturb the Illinois District Court's decision.

Further, Repp's indigence was raised and addressed by the Illinois District Court. Repp's economic straits were discussed in detail at several points in his opposition papers, *See* Pl.Mem., at 1, 3, 4, 8, and the Illinois District Court directly addressed the issue in its opinion, holding that Repp's circumstances were not sufficiently dire to keep the action in Illinois District Court. *Repp v. Webber*, No. 90–4086, 1990 WL 205899 (N.D.Ill. December 4, 1990). Plaintiffs have failed to show that Repp's financial situation has deteriorated significantly since the action was transferred to this Court. Moreover, there does not appear to be any manifest error in the reasoning of the Illinois District Court's decision. *See Cragar*, 706 F.2d at 505. Accordingly, Repp's motion to retransfer this action to the Illinois District Court is denied.

## II. Attorney's Fees

In addition to opposing Repp's motion for retransfer, defendants request that they be awarded attorney's fees pursuant to Rule 11 of the Federal Rules of Civil Procedure.[4] Defendants claim that Repp's attorneys failed to fulfill their affirmative duty to conduct a reasonable inquiry into the viability of a pleading before it was signed.

The standard of Rule 11 sanctions adopted by this Court is clear:

> that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation ... If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee.

---

3. "Judicial comity" dictates that this court not "reexamine an issue already decided by a court of equal authority." *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 169 (3d Cir.1982); *accord Deep South Pepsi–Cola Bottling Co., Inc. v. Pepsico, Inc.*, 1989 WL 48400 (S.D.N.Y. May 2, 1989) ("Federal courts routinely apply law-of-the-case principles to transfer decisions of coordinate courts"); *see also Cragar*, 706 F.2d at 505 ("the transferee-district court should accept the ruling on the transfer as the law of the case and should not retransfer except under the most impelling and unusual circumstances or if the transfer is manifestly erroneous.").

4. The relevant portion of Fed.R.Civ.P 11 provides:

The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper;

a showing of subjective bad faith is no longer required to trigger the sanctions imposed by the rule. Rather sanctions shall be imposed against an attorney and/or his client when it appears that a pleading has been interposed for any improper purpose, *or where,* after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law.

*Eastway Constr. Corp. v. City of New York,* 762 F.2d 243, 253–54 (2d Cir.1985); *Local 1 FLM–FJC UFCWIU, AFL–CIO v. Caputo,* 1988 WL 13774 (S.D.N.Y. Feb. 18, 1988).

Applying the *Eastway* standard to these facts, the Court finds that defendants are not entitled to Rule 11 sanctions. Plaintiffs' arguments have a plausible basis in fact and existing law. For example, Brightman's divorce and defendants' production of documents in Chicago are unanticipatable post-transfer events, and, though insufficiently compelling to warrant retransfer, they plausibly support plaintiffs' motion for retransfer. Accordingly, defendants' motion for Rule 11 sanctions is denied.

CONCLUSION

For the reasons set forth above, plaintiffs' motion to retransfer this action to the Illinois District Court, pursuant to 28 U.S.C. § 1404(a), is denied. Defendants' motion for Rule 11 sanctions is denied.

SO ORDERED.