**ALLFIRST BANK, Plaintiff,**

v.

**PROGRESS RAIL SERVICES CORPORATION and Railcar, Ltd., Defendants.**

**Progress Rail Services Corporation and Railcar, Ltd, Plaintiffs,**

v.

**Allfirst Bank, Defendant.**

**Nos. Civ. H–01–2527, Civ. H–01–2991.**

United States District Court, D. Maryland.

Dec. 27, 2001.

---

514

Lawrence J. Gebhardt, Ramsay M. Whitworth, Gebhardt and Smith LLP, Baltimore, MD, for Plaintiff.

Benjamin Rosenberg, Rosenberg Proutt Funk and Greenberg, Baltimore, MD, Kevin R. Armbruster, Leticia D. Alfonso, Cushing Morris and Armbruster, Atlanta, GA, for Defendants.

## MEMORANDUM AND ORDER

ALEXANDER HARVEY, II, Senior District Judge.

These two civil actions are substantially identical. The parties are the same, and the legal and factual issues which have been raised are similar.

Civil No. H–01–2527 was instituted by plaintiff Allfirst Bank ("Allfirst") in this Court on August 24, 2001. Named as defendants in this case are Progress Rail Services Corporation ("Progress Rail") and Railcar, Ltd. ("Railcar"). In its one-count complaint, plaintiff Allfirst seeks damages for breach of contract and specific performance of the contract.

Civil No. H–01–2991 was docketed in this Court on October 9, 2001, following its transfer from the Northern District of Georgia. The plaintiffs in that case are Progress Rail and Railcar and the defendant is Allfirst. That civil action was originally filed in the Superior Court of Fulton County, Georgia on August 1, 2001 and was removed by defendant Allfirst to the United States District Court for the Northern District of Georgia, Atlanta Division, on the ground that diversity jurisdiction existed. By Order entered in the case on October 2, 2001, United States District Judge Thomas W. Thrash, Jr. denied plaintiffs' motion to remand, denied defendant's motion to dismiss, and granted defendant's motion to transfer the case to this Court pursuant to 28 U.S.C. § 1404(a). In Civil No. H–01–2991, the plaintiffs are seeking a declaratory judgment and injunctive relief.

There are three motions now pending before this Court in these two cases. In Civil No. H–01–2991, Progress Rail and Railcar have filed a motion to retransfer

and/or remand.[1] Progress Rail and Railcar have filed a motion to stay or dismiss Civil No. H–01–2527 without prejudice. Allfirst has filed in both cases a motion to consolidate. Memoranda and exhibits in support of and in opposition to these motions have been filed by the parties.

Following its review of the pleadings, memoranda and exhibits, this Court is satisfied that no hearing is necessary. *See* Local Rule 105.6. For the reasons stated herein, the motion to retransfer and/or remand filed by Progress Rail and Railcar in Civil No. H–01–2991 will be denied, the motion to stay or dismiss without prejudice filed by Progress Rail and Railcar in Civil No. H–01–2527 will be denied, and Allfirst's motion to consolidate these two cases will be granted.

## I

### *Background Facts*

Allfirst is a commercial bank with its principal place of business in Maryland.[2] In 1998, Allfirst entered into discussions with Progress Rail and Railcar concerning the financing of used rail cars owned by Progress Rail and Railcar which had been leased to various railroads. Progress Rail is an Alabama corporation with its principal place of business in that state, and Railcar is a Georgia corporation with its principal offices in Georgia.[3]

Allfirst has had a business relationship with Progress Rail and Railcar for some 10 years. During the course of this relationship, there were a number of transactions between the parties involving the sale to Allfirst or the financing by Allfirst of railroad rolling stock which were subject to leases to third parties. On November 30, 1998, the parties entered into three different written agreements, an Assignment Agreement, a Service Agreement and a First Loss Deficiency Guarantee ("FLDG") (collectively "the Agreements"). The parties to the Assignment Agreement are Allfirst, Progress Rail and Railcar, while only Allfirst and Progress Rail are signatories to the Service Agreement. Under the FLDG, Progress Rail extended certain guarantees to Allfirst.

Pursuant to the Assignment Agreement as later amended, Progress Rail and Railcar sold 996 used railcars to Allfirst for an advance of $13,184,510 and assigned to Allfirst the leases to which these railcars were subject. Under this Agreement, Progress Rail assumed certain obligations of the lessor and was to provide various services to Allfirst. Progress Rail agreed to collect rentals under the leases, to maintain and repair the railcars, to make certain payments to Allfirst and, when a lease expired, to re-let or sell the car.

As various leases expired during the period covered by the Agreements, the railroads returned leased rail cars. According to Progress Rail, the market for leased rail cars has collapsed, and the returned cars cannot be re-leased. It is Progress Rail's position that the 1998 transaction was not a loan financing and that the repair obligation of Progress Rail is not a payment guarantee. Allfirst contends that under the Agreements, Prog-

---

1. Progress Rail and Railcar have in addition filed in the Northern District of Georgia a motion seeking certification by Judge Thrash of his ruling for immediate appeal pursuant to 28 U.S.C. § 1292(b) or in the alternative for vacation of his Order in part. They have also filed a petition for *mandamus* in the Eleventh Circuit, challenging the transfer of the case.

2. Allfirst was formerly known as The First National Bank of Maryland.

3. Since July of 1996, Railcar has been a wholly owned subsidiary of Progress Rail.

ress Rail was obligated to repair the cars regardless of their economic value and was further obligated to guarantee the minimum rentals agreed upon. Progress Rail in turn maintains that its liability for loss of value of the cars is limited and that it has overpaid its obligations under the FLDC.

The Agreements set forth in some detail the rights and obligations of the parties during the Agreements' terms which were to end on November 30, 2003. The many disputes which are addressed in the pleadings in these two cases arise as a result of the sharp conflict between the parties concerning the proper interpretation to be given to their contractual rights and obligations as provided in the Agreements.

## II

### The Motion to Retransfer

After it had removed to the Northern District of Georgia the action brought against it in a Georgia state court by Progress Rail and Railcar, Allfirst filed a motion to dismiss and a motion to transfer. Progress Rail and Railcar in turn filed a motion to remand the case to the Superior Court of Fulton County. Those motions were briefed by the parties, and their memoranda are on file here and have been reviewed by this Court. In his Order filed on October 2, 2001, Judge Thrash denied the motion to dismiss and the motion to remand and granted Allfirst's motion to transfer the case to this Court pursuant to 28 U.S.C. § 1404(a).

In their pending motion to retransfer, Progress Rail and Railcar are in effect requesting this Court to act as an appellate court and reverse the ruling made by Judge Thrash after full briefing of the matter in his Court. On the record here, this Court is not disposed to play "jurisdictional ping-pong" and retransfer this case

to the Northern District of Georgia. *See Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir.1991).

The ruling made by Judge Thrash constitutes the law of the case. *Columbus–America Discovery Group v. Atlantic Mut. Ins. Co.*, 203 F.3d 291, 304 (4th Cir.2000). Under that doctrine, when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983). That principle is particularly applicable to decisions regarding the transfer of a case from one federal court to another. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). Were a transferee court free to revisit the transfer decision of a coordinate court, such an action would threaten to send litigants into "a vicious cycle of litigation." *Id.*

The decision to transfer a case under § 1404(a) rests in the sound discretion of the trial judge based upon a "flexible and individualized analysis" of "a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). A transferee court should accept the ruling of the transferor court as the law of the case and should not retransfer "except under the most impelling and unusual circumstances" or if the transfer order is "manifestly erroneous." *In re Cragar Indus., Inc.*, 706 F.2d 503, 505 (5th Cir.1983); *Repp v. Webber*, 142 F.R.D. 398, 400 (S.D.N.Y.1992).

On the record here, this Court concludes that Progress Rail and Railcar have not met their burden of showing that Judge Thrash's transfer order is manifestly erroneous. There has been no showing that the decision of Judge Thrash was clearly incorrect as a matter of law and would

result in manifest injustice unless the case was retransferred. It is not in the interest of justice for this Court to second-guess a discretionary ruling made by a judge of another district court.

■ Moreover, the case-specific factors in the case fully support the ruling made by Judge Thrash in granting the motion to transfer. Progress Rail and Railcar argue at some length that the so-called "first file rule" require that their action should proceed in Georgia. As a general rule, the forum where an action is first filed has priority over the forum where a subsequent action arising out of the same nucleus of facts is filed. *Cronos Containers, Ltd. v. Amazon Lines, Ltd.*, 121 F.Supp.2d 461, 465 (D.Md.2000). However, this Court has not hesitated to conclude that a case should be transferred from the forum where it was first filed to another court when a defendant has met its burden of showing under § 1404(a) that a shift of forum is appropriate. *Roby v. General Tire & Rubber Co.*, 500 F.Supp. 480 (D.Md.1980); *Bacon v. John Hancock Mut. Life Ins. Co.*, 317 F.Supp. 302 (D.Md. 1970).

■ A number of factors in the case support the transfer of this case to this Court from Georgia, the forum where it was first filed. The Agreements provide that they are to be governed by Maryland law. The FLDG contains a permissive forum selection clause whereby Progress Rail agreed that any action or proceeding relating to its guaranty "may be commenced in any state or federal court in the State of Maryland ..." Although it may not be dispositive, a forum selection clause is entitled to substantial consideration. *Nemo Assocs. v. Homeowners Mktg. Servs. Int'l, Inc.*, 942 F.Supp. 1025, 1028 (E.D.Pa.1996). Even though an exclusive forum selection clause is not involved in a case, the parties' implied agreement that a

particular venue would be a convenient forum favors a transfer. *Heyco, Inc. v. Heyman*, 636 F.Supp. 1545, 1550 (S.D.N.Y. 1986).

Progress Rail and Railcar contend that consideration of the convenience of the witnesses requires that Civil No. H–01–2991 be retransferred to the Northern District of Georgia. This Court must disagree. The movants' key witnesses are James B. Smallwood, President of Railcar and Senior Vice President of Progress Rail, and Eugene N. Martini, who was employed by Railcar from January 1, 1993 to January 3, 2001 and who had served as its President from July 1, 2000 to January 2, 2001. However, neither Smallwood nor Martini presently reside in Georgia. Smallwood resides in Clearwater, Florida, and Martini resides on Spring Island, South Carolina. These two key witnesses would be only slightly more inconvenienced were they required to travel to Maryland by air from their homes in Florida and South Carolina to testify at the trial than they would were the trial to be held in Atlanta, Georgia. The principal place of business of Progress Rail is located in Alabama while Allfirst and its principal witnesses are located in Maryland. Although Railcar is a Georgia corporation with its principal office in the Northern District of Georgia, Railcar is not a party to two of the documents under which the dispute in these cases arise.

Progress Rail and Railcar argue that other witnesses of theirs besides Smallwood and Martini reside in Georgia. However, Allfirst's witnesses are located in Maryland. Undoubtedly, the principal witnesses in the case will be employees of the parties, but other witnesses will presumably be called. Lessees under the leases transferred to Allfirst are all located in states other than Georgia, Alabama or Maryland. Here, on balance, the con-

venience of the witnesses is a neutral factor, inasmuch as various witnesses live in Georgia, in Maryland and in other states. *Brock v. Entre Computer Centers, Inc.,* 933 F.2d 1253, 1258 (4th Cir.1991). No matter which forum is selected, "one side or the other will be burdened with bringing themselves and their witnesses from far away." *Id.*

Another significant factor supporting transfer of the case to Maryland is that Civil No. H–01–2557, the suit brought by Allfirst against Progress Rail and Railcar is pending in this Court. These two cases will now be consolidated. If Civil No. H–01–2991 were to be retransferred to Georgia and if Civil No. H–01–2557 were to remain here, the possibility of duplicative litigation and inconsistent outcomes would arise.

Progress Rail and Railcar argue that the Georgia District Court lacked the power to effect the transfer of the file to this Court as promptly as it did. However, the Order of October 2, 2001 was a valid Order of Court, and the Clerk in Georgia had every right to promptly comply and immediately transfer the file to Maryland. There is no Local Rule of the Georgia District Court prohibiting this prompt transfer. In opposing Allfirst's motion to transfer, Progress Rail and Railcar did not request a stay of the Court's Order if the motion were to be granted, and no such stay was entered by Judge Thrash.

For all these reasons, this Court concludes that there was ample support in the record for the Order entered by Judge Thrash on October 2, 2001, transferring the case before him to this District under § 1404(a). Accordingly, the pending motion to retransfer will be denied.

## III

### *The Motion to Remand*

■ In their pending motion, Progress Rail and Railcar also ask this Court to remand Civil No. H–01–2991 to the Superior Court of Fulton County, Georgia. The request is an unusual one. No case has been cited by the movants and this Court knows of none which would authorize a federal court in one state to remand a case to a state court in another state.

■ The movants argue that a Georgia statute bars Allfirst from removing the action brought by them from a state court to the Northern District of Georgia. But, Maryland law is controlling as to the dispute between the parties here. There is no Maryland statute with provisions similar to the Georgia statute relied upon by the movants. Even if such a statute existed, it would not authorize this Court to remand this case to a state court in Georgia. Allfirst removed the case to the Northern District of Georgia pursuant to 28 U.S.C. § 1441 *et seq.* on the ground that diversity jurisdiction exists. Allfirst has fully complied with this federal statute, and state law could not be construed to prevent a removal authorized by federal law.

For these reasons, the pending motion to remand will also be denied.

## IV

### *The Motion to Stay or Dismiss Without Prejudice*

Defendants Progress Rail and Railcar have filed in Civil No. H–01–2527 a motion to stay or dismiss without prejudice. According to the movants, Civil No. H–01–2527 is a mirror image of Civil No. H–01–2991 and should be stayed or dismissed without prejudice because the latter was the first filed case.

Since this Court has now refused to retransfer Civil No. H–01–2991, there is no

reason why Civil No. H–01–2527 should be stayed or dismissed. The cases will be consolidated, and, if at a later time, grounds exist for realigning the parties or dismissing claims, this Court is empowered to take whatever action might be necessary.

Accordingly, the motion of Progress Rail and Railcar to stay or dismiss Civil No. H–01–2527 without prejudice will be denied.

## V

### *The Motion to Consolidate*

 Allstate has moved to consolidate these two cases for all purposes pursuant to Rule 42(a), F.R.Civ.P. A court may order two cases to be consolidated "[w]hen actions involving a common question of law or fact are pending before the court ..." *Id.*

Clearly, the interests of justice support consolidation of these two cases. The parties are the same. The claims and defenses are identical, and the same three Agreements must be construed in each case. Indeed, Progress Rail and Railcar concede that Civil No. H–01–2527 is "a mirror image" of Civil No. H–01–2991. Since this Court has now declined to stay or dismiss Civil No. H–01–2527, consolidation of the two cases will foster clarity, efficiency and the avoidance of confusion and prejudice. *Arnold v. Eastern Air Lines,* 681 F.2d 186, 192–193 (4th Cir.1982).

Accordingly, the motion to consolidate of Allfirst Bank will be granted.

## VI

### *Conclusion*

For all the reasons stated, this Court will not retransfer Civil No. H–01–2991 to the Northern District of Georgia nor will it remand that case to the Superior Court of Fulton County, Georgia. Civil No. H–01–

2527 will not be stayed nor dismissed without prejudice, and the two cases will be consolidated for all purposes under Rule 42(a). Accordingly, it is this _____ day of December, 2001 by the United States District Court for the District of Maryland,

ORDERED:

1. That the motion of Progress Rail Services Corporation and Railcar Ltd. to retransfer and/or remand Civil No. H–01–2991 is hereby denied;

2. That the motion of Progress Rail Services Corporation and Railcar Ltd. to stay or dismiss Civil No. H–01–2527 without prejudice is hereby denied;

3. That the motion of Allfirst Bank to consolidate these two cases for all purposes pursuant to Rule 42(a), F.R.Civ.P., is hereby granted; and

4. That pleadings in this consolidated action shall be captioned "H–01–2527 (Consolidated)."