NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

—————————

**In re:  APPLE INC.,**
*Petitioner*

—————————

2021-187

—————————

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:21-cv-00926-ADA, Judge Alan D. Albright.

—————————

**ON PETITION AND MOTION**

—————————

Before DYK, PROST, and HUGHES, *Circuit Judges*.

PER CURIAM.

## O R D E R

Apple Inc. petitions for a writ of mandamus directing the United States District Court for the Western District of Texas to vacate its order transferring this case from the Austin Division of the Western District of Texas to the Waco Division and to stay that order pending disposition of the petition. Because the district court cites no statutory authority for its re-transfer and because Austin remains the more convenient forum, we grant the petition and direct the district court to vacate its order.

I

Fintiv, Inc. filed the underlying patent-infringement suit against Apple in the Waco Division of the Western District of Texas in December 2018. In September 2019, the district court judge granted-in-part Apple's motion to transfer venue of the action to the Austin Division of the Western District of Texas, where the same judge continued to preside over the case. Although the district court denied transfer to Apple's preferred destination in Northern California, the district court agreed with Apple that the Austin Division of the Western District of Texas was, at the time, clearly more convenient for trial.

The district court scheduled the trial to begin in Austin on October 4, 2021. But on September 8, 2021, one month before trial, the district court ordered the case re-transferred back to Waco. In its order, the district court explained only that "[j]ury trials in the Austin courthouse ha[ve] largely been suspended" due to the COVID-19 pandemic, that "it remains uncertain whether the Austin courthouse will be open for jury trial in the foreseeable future," and that such intervening events "frustrated the original purpose of transferring this action to the Austin Division." Order at 1–2, *Fintiv, Inc. v. Apple Inc.*, 6:21-cv-00926-ADA (W.D. Tex. Sept. 8, 2021), ECF No. 386 ("Re-Transfer Order").

Apple now petitions this court for a writ of mandamus directing the district court to vacate the re-transfer order and to stay that order pending disposition of the petition. Fintiv opposes both requests. We have jurisdiction under 28 U.S.C. §§ 1651 and 1295.

II

Our review here is governed by Fifth Circuit law. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). When a writ of mandamus is sought, we review a decision to transfer for a clear abuse of discretion. *See In re*

*Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (en banc).

In *In re Intel Corp.*, we explained that the only authority for an intra-district re-transfer without full consent of the parties is 28 U.S.C. § 1404(a). 841 F. App'x 192, 193–95 (Fed. Cir. 2020). Under § 1404(a), a district court "should not re-transfer except under the most impelling and unusual circumstances," such as unanticipated "post-transfer events [that] frustrate the original purpose for transfer." *In re Cragar Indus., Inc.*, 706 F.2d 503, 505 (5th Cir. 1983) (cleaned up). Further, a re-transfer analysis should be "based on the traditional factors bearing on a § 1404(a) analysis" and "should take into account the reasons of convenience that caused the earlier transfer." *Intel*, 841 F. App'x at 195.

Here, the district court inexplicably failed to perform that analysis, giving "the parties and reviewing courts no way of understanding how the court reached its conclusion and providing no assurance that it was the result of conscientious legal analysis." *In re Lloyd's Reg. N. Am., Inc.*, 780 F.3d 283, 291 (5th Cir. 2015). The district court articulated no authority in its order to re-transfer, explaining only that "it remains uncertain whether the Austin courthouse will be open for jury trial in the foreseeable future." Re-Transfer Order at 1. Not only is this explanation minimal, but it is also not supported by any analysis of the traditional § 1404(a) factors. Nor is there any indication that the Austin courthouse is currently closed for trial. The district court even acknowledged that some civil trials are proceeding in Austin and that there is a possibility of "being able to use a courtroom in Austin" and "mov[ing] forward with [the trial] in Austin." Appx175–77.

Fintiv suggests that its position statement before the district court sufficiently explains the district court's ruling. But "[a]n explanation must be generated by the court, not inferred by the appellate court from the submissions of

the parties," and a "[c]ontrary rule would require us to guess the basis for the decision without guidance, essentially reducing us to the role of replacing the district court's discretion with our own." *Lloyd's Reg.*, 780 F.3d at 290–91.

To be sure, the district court gestures to our decision in *Intel* by stating that "the intervening COVID-19 pandemic has frustrated the original purpose of transferring this action to the Austin Division." Re-Transfer Order at 1–2. But the purpose of transfer under § 1404(a) is "for the convenience of parties and witnesses" and the "interest of justice." 28 U.S.C. § 1404(a). In originally granting Apple's motion to transfer venue to the Austin Division, the district court performed the required analysis and found that Austin was clearly the more convenient venue. Order Denying Defendant Apple's Motion to Transfer Venue at 4–17, *Fintiv, Inc. v. Apple Inc.*, 6:21-cv-00926-ADA (W.D. Tex. Sept. 10, 2019), ECF No. 73. It relied in large part on the fact that there are no sources of proof in the Waco Division and that the parties and a relevant third party have a significant presence in Austin, but not in Waco. *Id.* at 17. We approved this reasoning in our order denying Apple's previous petition for mandamus seeking transfer to the Northern District of California. *See In re Apple Inc.*, No. 2020-104 (Fed. Cir. Dec. 20, 2019).

On the record before us, it is far from clear that the intervening COVID-19 pandemic has frustrated any of the original purposes for transferring this case from Waco to Austin under § 1404(a). Relevant witnesses and evidence remain in Austin, and the parties continue to maintain their presences there. Pet. Opening Br. at 20. Furthermore, the parties have prepared for trial in Austin. And Apple's employee witnesses will all be traveling from California, from which there are no direct flights to Waco. Pet. Reply at 9. So far as the briefing before this court reflects, the only factor that may have changed as a result of the COVID-19 pandemic is the public interest "court-congestion" factor—which seems, at most, to slightly weigh in

IN RE: APPLE INC.                                                                     5

favor of re-transfer. But as we have said previously, this factor is the "most speculative" of the factors bearing on transfer and "should not alone outweigh all . . . other factors." *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009). This is particularly so here, given the district court's acknowledgement that there is a possibility of "mov[ing] forward with [the trial] in Austin." Also, court congestion was not a factor relied on by the district court as a basis for transferring the case to Austin.

Under these circumstances, where the district court has failed to perform the requisite § 1404(a) analysis and where Austin remains the more convenient forum, the district court's decision to re-transfer this case back to the Waco Division amounts to a clear abuse of discretion.

Accordingly,

IT IS ORDERED THAT:

(1) The petition for a writ of mandamus is granted. The district court's September 8, 2021 order re-transferring the trial from Austin to Waco is vacated and we remand with instructions that this action shall proceed in the Austin Division of the United States District Court for the Western District of Texas.

(2) The motion to stay is denied as moot.

FOR THE COURT

October 01, 2021          /s/ Peter R. Marksteiner
     Date                 Peter R. Marksteiner
                          Clerk of Court

s31